1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  LAWRENCE HART, CLYDE STEVEN
10 LEWIS, JAMES PRESTI, and MICHAEL
   RALLS, individually and on behalf of all others
11 similarly situated,

12              Plaintiffs,

13       v.

14 CF ARCIS VII LLC d/b/a THE CLUB AT
15 SNOQUALMIE RIDGE, d/b/a TPC AT
   SNOQUALMIE RIDGE, and d/b/a
16 SNOQUALMIE RIDGE GOLF CLUB, CF
   ARCIS X HOLDINGS, LLC d/b/a ARCIS
17 GOLF, ARCIS EQUITY PARTNERS, LLC,
   BLAKE S. WALKER, individually and on
18 behalf of the marital community of BLAKE S.
   WALKER and JANE DOE WALKER, and
19 BRIGHTSTAR GOLF SNOQUALMIE, LLC,

20              Defendants.

21

No. 2:17-cv-1932

NOTICE OF REMOVAL

(King County Superior Court,
No. 17-2-31743-8-SEA)

22
23      Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants CF Arcis VII LLC

24 d/b/a The Club at Snoqualmie Ridge d/b/a TPC at Snoqualmie Ridge, and d/b/a Snoqualmie

25 Ridge Golf Club; CF Arcis X Holdings, LLC d/b/a Arcis Golf; Arcis Equity Partners, LLC;

26 Blake S. Walker; and the marital community comprised of Blake S. Walker and Jane Doe

27 Walker (collectively the "Arcis Defendants"), hereby remove to the United States District

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Court for the Western District of Washington the above-captioned lawsuit, originally filed in the Superior Court of Washington for King County as Case No. 17-2-31743-8-SEA.

Removal is proper on the following grounds:

## The Class Action Fairness Act

1.      Congress passed the Class Action Fairness Act ("CAFA") in February 2005 to expand federal court jurisdiction over class actions.  Courts should read CAFA's provisions broadly, with a strong preference that federal courts hear interstate class actions, if properly removed.  *See* S. Rep. No. 109-14, at 43 (2005).  Congress passed CAFA with the intent "that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court."  *Id.*; *see also* H. Rep. No. 108-144, at 37-39 (2003); H. Rep. No. 109-7 (2005).

2.      Under CAFA, when the number of members of a putative class defined in the Complaint exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

3.      This action satisfies all requirements for removal under CAFA.  CAFA permits a district court to decline jurisdiction of a case properly removed under the statute only if the case satisfies the requirements of 28 U.S.C. § 1332(d)(3) or (d)(4).  Neither provision applies here.

## Removal Is Timely

4.      Plaintiffs filed this action on or about December 8, 2017.

5.      Plaintiffs first served the Arcis Defendants with a copy of the Complaint on November 29, 2017.  This notice of removal is timely under 28 U.S.C. § 1446(b) because the Arcis Defendants are filing the notice of removal within thirty days after service of the Complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**This Is a Proposed "Class Action"**

6.      Plaintiffs bring this case as a proposed class action, Compl. ¶¶ 5.1-5.9, and seek certification of a class under Washington Superior Court Civil Rule 23, *id.* ¶ 5.1.  This action is therefore a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State ... rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

**Plaintiffs Allege a Class of More than 100 Persons**

7.      The Complaint asserts claims for an alleged violation of the Washington Consumer Protection Act, RCW 19.86 ("CPA"), breach of contract, and unjust enrichment, Compl. ¶¶ 6.1-8.3, on behalf of the following proposed class:

> All persons who are on the Waiting List to receive refunds for their Refundable Golf Memberships with the Club at Snoqualmie Ridge in Snoqualmie, Washington.

*Id.* ¶ 5.1.  Plaintiffs allege "there are at least 100 members of the Class."  *Id.* ¶ 5.3.  Although the Arcis Defendants deny that any Plaintiff was harmed as a result of any defendant's conduct, the Arcis Defendants' business records confirm that Plaintiffs' allegations place at issue alleged conduct with respect to substantially more than 100 people.

8.      Although the Arcis Defendants will contest the propriety of class certification, for purposes of removal, Plaintiffs seek to proceed on behalf of a proposed class of more than 100 persons, satisfying 28 U.S.C. § 1332(d)(5)(B).

**The Amount in Controversy Exceeds $5,000,000**

9.      "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  When a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal" notice (as well as facts brought to the Court's attention in connection with any motion to remand) to determine the

NOTICE OF REMOVAL (Case No. 2:17-cv-1932) - 3
4845-4898-1337v.3 0017352-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 113 F.3d 373, 377 (9th Cir. 1997)); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

10. Plaintiffs ask for an award of "compensatory damages." Specifically, Plaintiffs seek a refund of the golf membership fees they paid to join The Club at Snoqualmie Ridge ("The Club"). Compl. ¶¶ 1.1, 4.6, 4.14, 6.7 & Prayer ¶ D. Plaintiffs allege those fees were "substantial," *id.* ¶ 3.1, and claim the process by which certain membership rules were changed prevented them from "tak[ing] advantage of a provision … that allows Club members to resign, avoid the Waiting List procedure, and immediately receive 100 percent of the Membership Fees they paid to join the Club," *id.* ¶ 4.14; *see also id.* ¶ 6.7. Although the Arcis Defendants deny that Plaintiffs are entitled to any relief, the Arcis Defendants' business records show that persons in the proposed class, as defined in the Complaint, have paid substantially more than $5,000,000 to join The Club and therefore, any refund of 100% of those membership fees would also be substantially more than $5,000,000. In addition, to the extent Plaintiffs seek a "refund amounting to 70 percent of the Membership Fee published at the time the Club Operator re-issues the membership," *id.* ¶ 4.6, the Arcis Defendants' business records show that amount also exceeds $5,000,000. Plaintiffs' allegations therefore place in controversy an amount substantially more than $5,000,000.

11. Plaintiffs also allege "The Club Operator has since generated millions in revenue from the sale of Non-Refundable Memberships," *id.* ¶ 4.9, and seek an order that they are "entitled to … disgorgement, for the benefit of the Class members, of all or part of the revenue Defendants received from its unfair scheme" of creating a non-refundable membership, *id.* ¶ 6.15; *see also id.* ¶ 8.3. Plaintiffs' request for disgorgement of "millions in revenue," in addition to their request for over $5,000,000 in compensatory damages, further establishes that this case satisfies the amount-in-controversy threshold under 28 U.S.C. § 1332(d)(6).

12.      Plaintiffs also seek "treble damages up to the maximum amount" and attorneys' fees under RCW 19.86.090.  Compl., Prayer ¶¶ E-F.  Statutory treble damages and attorneys' fees must be considered in calculating the amount in controversy.  *See, e.g., Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (court could consider statutory treble damages, punitive damages, and attorney fees in assessing amount in controversy) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (statutory attorneys' fees should be included in amount in controversy calculation); *Brady v. Mercedes Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (N.D. Cal. 2002) (considering statutory penalties and punitive damages to be recovered under state law in calculating amount in controversy).  Plaintiffs' prayer for statutory treble damages and attorneys' fees, aggregated on a class-wide basis, further increases the degree to which the amount in controversy in this case exceeds $5,000,000.

13.      Because Plaintiffs seek (1) "compensatory" damages on behalf of the proposed class that, standing alone, substantially exceed $5,000,000; (2) disgorgement of "millions," increasing that amount in controversy; and (3) statutory treble damages and attorney fees, Plaintiffs have placed more than $5,000,000 in controversy.  *See* LCR 101(a) (requiring explanation of "good faith belief" as to amount in controversy); *LaCross*, 775 F.3d at 1203 (requiring "reasonable" basis for allegations of amount in controversy in notice of removal).

## Minimal Diversity Exists

14.      Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."  "Thus, unlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed 'minimal diversity.'"  *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).  This case satisfies minimal diversity.

15.      "[A]n LLC is a citizen of every state in which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Blake Walker is a resident and a citizen of Texas.  Defendant Walker is the sole member of Defendant Arcis Equity Partners, LLC, which is therefore also a citizen of Texas.  Defendant Arcis Equity Partners, LLC, is a member of Defendant CF Arcis X Holdings, LLC, which means that Defendant CF Arcis X Holdings, LLC, is therefore also a citizen of Texas.  Defendant CF Arcis Equity Partners, LLC, is also a member of CF Arcis IV Holdings LLC, which is a member of Defendant CF Arcis VII LLC.  As a result, Defendant CF Arcis VII LLC is also a citizen of Texas.

16.    For diversity purposes, then, Mr. Walker, Arcis Equity Partners, CF Arcis X Holdings, and CF Arcis VII are all citizens of Texas.  Plaintiffs C. Steven Lewis, James Presti, Lawrence Hart, and Michael Ralls, on the other hand, are all residents and citizens of Washington.  Compl. ¶¶ 3.1-3.4.  Because "any member" of Plaintiffs' proposed class "is a citizen of a State different from any defendant," this case satisfies the diversity requirements of 28 U.S.C. § 1332(d)(2)(A); *see also* LCR 101(f) (requiring the notice of removal to identify the citizenship of the parties).

17.    In addition, Defendant Brightstar Golf Snoqualmie, LLC, is a sham or nominal defendant, whose citizenship cannot defeat diversity.  In determining diversity for purposes of removal, the Court must disregard the citizenship of a sham or nominal party.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).  Defendant Brightstar is a sham or nominal defendant because it dissolved in November 2013, and claims against dissolved entities are barred if not filed within three years of the dissolution.  *See* RCW 25.15.309(1).  For purposes of diversity, Defendant Brightstar is a defendant "with nothing at stake" in the litigation, rendering its place of citizenship irrelevant.  *Strotek*, 300 F.3d at 1133.

### Consent of All Defendants

18.    Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  The Arcis Defendants do not have information as to whether Plaintiffs have properly served Defendant Brightstar

Golf Snoqualmie, LLC, which has been dissolved. In any event, removal is proper now because the Arcis Defendants were required to file their notice of removal by this date, and Defendant Brightstar may join in this removal, to the extent necessary, at any time "prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).

## The Exceptions to CAFA Jurisdiction Do Not Apply

19.     The exceptions to jurisdiction set forth in 28 U.S.C. § 1332(d)(3) and (d)(4) do not apply. For diversity purposes, none of the Arcis Defendants are citizens of Washington, and Defendant Brightstar is a sham defendant whose citizenship is irrelevant and which dissolved more than four years ago. Plaintiffs therefore do not seek relief from a defendant who is a citizen of the State of Washington. *See* 28 U.S.C. § 1332(d)(3)-(d)(4).

## The Arcis Defendants Have Satisfied the Remaining Procedural Requirements

20.     The United States District Court for the Western District of Washington is the federal judicial district embracing King County Superior Court, where Plaintiffs filed this action. 28 U.S.C. § 128(b). Seattle is the proper division or location for the matter. LCR 5(e)(1).

21.     Copies of all documents filed in the King County action, including all process, pleadings, and orders served on the Arcis Defendants in this action, are attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a). The Arcis Defendants will separately file a Verification of State Court Records and Proceedings pursuant to Local Civil Rule 101(c).

22.     Promptly after filing this Notice of Removal, the Arcis Defendants will give written notice to Plaintiffs' counsel and will file a copy of this Notice with the Clerk of the King County Superior Court pursuant to 28 U.S.C. § 1446(d).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    The Arcis Defendants therefore remove this action from the Superior Court of the State

2    of Washington for King County.

3        DATED this 28th day of December, 2017.

4                                          Davis Wright Tremaine LLP
                                           *Attorneys for the Arcis Defendants*
5

6                                          By *s/ Stephen M. Rummage*
7                                             Stephen M. Rummage, WSBA #11168

8                                          By *s/ Rebecca J. Francis*
9                                             Rebecca J. Francis, WSBA #41196

10                                            1201 Third Avenue, Suite 2200
                                              Seattle, WA  98101-3045
11                                            Telephone: 206-622-3150
                                              Fax: 206-757-7700
12                                            E-mail: steverummage@dwt.com
                                              E-mail: rebeccafrancis@dwt.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL (Case No. 2:17-cv-1932) - 8
4845-4898-1337v.3 0017352-000001

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on December 28, 2017, I electronically filed the foregoing *Notice of*

3

*Removal* with the Clerk of the Court using the CM/ECF system, which will send notification of

4

such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if

5

any) shall be served in accordance with the Federal Rules of Civil Procedure.

6

***Plaintiffs' Counsel***:

7

8       Beth E. Terrell
        Adrienne D. McEntee

9       TERRELL MARSHALL LAW GROUP PLLC
        936 North 34th Street, Suite 300

10      Seattle, WA  98103-8869
        E-mail:  bterrell@terrellmarshall.com

11      E-mail:  amcentee@terrellmarshall.com

12
        DATED this 28th day of December, 2017.

13

14                                  Davis Wright Tremaine LLP
                                    *Attorney for the Arcis Defendants*

15

16                                  By *s/ Stephen M. Rummage*
                                       Stephen M. Rummage, WSBA #11168

17                                     1201 Third Avenue, Suite 2200
                                       Seattle, Washington  98101-3045

18                                     Telephone: (206) 622-3150
                                       Fax: (206) 757-7700

19                                     E-mail: steverummage@dwt.com

20

21

22

23

24

25

26

27

# Exhibit A

FILED

17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

1

2

3

4

5

6        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                        COUNTY OF KING
7

8    LAWRENCE HART, CLYDE STEVEN           NO.
     LEWIS, JAMES PRESTI, and MICHAEL
9    RALLS, individually and on behalf of all    **CLASS ACTION COMPLAINT**
     others similarly situated,
10
                    Plaintiffs,
11
            v.
12
     CF ARCIS VII LLC d/b/a THE CLUB AT
13   SNOQUALMIE RIDGE, d/b/a TPC AT
     SNOQUALMIE RIDGE, and d/b/a
14   SNOQUALMIE RIDGE GOLF CLUB, CF
     ARCIS X HOLDINGS, LLC d/b/a ARCIS
15   GOLF, ARCIS EQUITY PARTNERS, LLC,
     BLAKE S. WALKER, individually and on
16   behalf of the marital community of BLAKE S.
     WALKER and JANE DOE WALKER, and
17   BRIGHTSTAR GOLF SNOQUALMIE, LLC,
18
                    Defendants.
19

20

21        Plaintiffs Lawrence Hart, C. Steven Lewis, James Presti, and Michael Ralls

22   ("Plaintiffs"), by and through their attorneys, bring this action on their own behalf and on

23   behalf of all other similarly situated individuals and allege as follows:

24                          **I.  INTRODUCTION**

25        1.1    Nature of Action. Plaintiffs bring this action against Defendants CF Arcis VII, LLC d/b/a The

26   Club at Snoqualmie Ridge, d/b/a TPC at Snoqualmie Ridge, and d/b/a Snoqualmie Ridge Golf

CLASS ACTION COMPLAINT – 1

1   Club ("CF Arcis VII" or "Club Operator" or "Snoqualmie Ridge" or "Club"), CF Arcis X

2   Holdings, LLC d/b/a Arcis Golf ("Arcis Golf"), Arcis Equity Partners, LLC, Blake S. Walker

3   ("Arcis Equity"), and Brightstar Golf Snoqualmie, LLC ("Brightstar") (collectively

4   "Defendants") for engaging in a systematic scheme of unfair acts and practices toward

5   individuals who purchased refundable golf memberships at the Club, located in Snoqualmie,

6   Washington. Defendants unlawfully introduced non-refundable memberships and materially

7   limited the frequency with which members with refundable memberships could receive refunds

8   without the required notice or membership approval. As a result, Plaintiffs and the Class have

9   been damaged.

10                          **II.  JURISDICTION AND VENUE**

11       2.1     The Court has jurisdiction over all causes of action asserted herein under RCW 2.08.010.

12       2.2     The Court has jurisdiction over Defendants pursuant to RCW 4.28.185 because

13   Defendants transacted business in the State of Washington, and/or own, use or possess property

14   situated in the State of Washington.

15       2.3     Venue is proper in this Court pursuant to RCW 4.12.025(1) because at least one

16   of the Defendants resides in King County, Washington and because the actions giving rise to

17   this Complaint occurred, at least in part, in King County, Washington.

18       2.4     This action is timely filed within the limits prescribed by all statutes of

19   limitations and repose.

20                                **III.  PARTIES**

21       3.1     Plaintiff C. Steven Lewis is a resident of Federal Way, King County, Washington. Before the

22   golf course opened in 1999, Plaintiff Lewis purchased a refundable golf membership

23   ("Refundable Membership") from the Club, for which he paid substantial consideration. He

24   communicated his intention to resign his membership on or about August 9, 2007, at which

25   time he was placed on a waiting list to receive a partial refund of his membership (the "Waiting

26   List"). Mr. Lewis is still on the Waiting List.

CLASS ACTION COMPLAINT – 2

1   3.2   Plaintiff James Presti is a resident of Bellevue, King County, Washington. On or

2   about June 30, 2000, Plaintiff Presti purchased a Refundable Membership from the Club, for

3   which he paid substantial consideration. On or about October 22, 2008, Mr. Presti

4   communicated his intention to resign his membership. In response, Mr. Presti was placed on

5   the Waiting List. Mr. Presti is still on the Waiting List.

6   3.3   Plaintiff Lawrence Hart is a resident of Snoqualmie, King County, Washington.

7   On or about July 31, 2007, Plaintiff Hart purchased a Refundable Membership from the Club

8   for which he paid substantial consideration. On or about July 16, 2010, Mr. Hart communicated

9   his intention to resign his membership. In response, Mr. Hart was placed on the Waiting List.

10   Mr. Hart is still on the Waiting List.

11   3.4   Plaintiff Michael Ralls is a resident of Union, King County, Washington. On or

12   about July 15, 2003, Plaintiff Ralls purchased a Refundable Membership from the Club, for

13   which he paid substantial consideration. In August 2013, Mr. Ralls was placed on the Waiting

14   List. He also communicated his intention to resign. Mr. Ralls is still on the Waiting List.

15   3.5   Defendant CF Arcis VII is a limited liability company formed in Delaware with

16   its principal place of business in Snoqualmie, Washington. Since August 1, 2013, CF Arcis VII

17   has held real property and personal property, including but not limited to real property

18   underlying The Club at Snoqualmie Ridge, aka TPC at Snoqualmie Ridge, aka Snoqualmie

19   Ridge Golf Club, and the assets and facilities of the Club, including but not limited to an 18-

20   hole golf course, practice facilities, a clubhouse with food and beverage facilities, exercise

21   room, men's and women's locker rooms, a golf shop, club storage facilities, an outdoor

22   swimming pool and snack bar, and all books, records and files relating to the operation of the

23   Club, including membership lists, files, and other records. On information and belief,

24   Defendants Arcis Golf, Arcis Equity, and Mr. Blake S. Walker have stripped CF Arcis VII of

25   revenues and left it without funds in order to avoid actual or potential liability, including

26   liability to Plaintiffs and Class members for claims related to their Refundable Memberships.

CLASS ACTION COMPLAINT – 3

1  As a result, the corporate form should be disregarded and liability attached to Defendants Arcis

2  Golf, Arcis Equity, and Mr. Walker.

3        3.6     Defendant CF Arcis X Holdings, LLC d/b/a Arcis Golf ("Arcis Golf") is a

4  Delaware limited liability company formed on May 13, 2014, with its principal place of

5  business in Dallas, Texas. Arcis Golf operates more than fifty separately-held golf courses in

6  Defendant Arcis Equity's golf portfolio, including Snoqualmie Ridge. Arcis Golf boasts it "has

7  positioned itself as a dynamic leader in the industry by consistently providing unrivaled

8  amenities to complement diverse playing experiences for members and guests." *See*

9  https://www.arcisgolf.com/about-arcis-golf (last visited Aug. 1, 2017). Arcis Golf is an actual,

10  equitable, and/or apparent owner of Snoqualmie Ridge.

11        3.7     Defendant Arcis Equity Partners, LLC ("Arcis Equity") is a Texas limited

12  liability company with its principal place of business in Irving, Texas. Arcis Equity is a private

13  equity firm dedicated to making equity and debt investments in the real estate and leisure

14  sectors. Arcis Equity is the actual, equitable and/or apparent owner of both Snoqualmie Ridge

15  and Arcis Golf.

16        3.8     Defendant Blake S. Walker is the Chairman, CEO and President of Arcis Golf,

17  and the CEO and managing partner of Arcis Equity, who admits "he has been involved in all

18  phases of the firm's strategy and development since its founding." *See*

19  https://www.arcisgolf.com/about-arcis-golf (last visited Aug. 1, 2017); *see also*

20  http://www.arcisequity.com/about-arcis-equity-partners (last visited Aug. 1, 2017) ("He has

21  been involved in all phases of the firm's strategy and development since its founding in March

22  2013."). As the CEO of both companies, on information and belief, Mr. Walker intentionally

23  used Arcis Golf and Arcis Equity to strip CF Arcis VII of revenues and liquid assets in order to

24  avoid actual or potential liability, including liability to Plaintiffs and Class members for claims

25  related to their Refundable Memberships, and in an effort to place the Club's revenues and

26  liquid assets out of reach from members and former members, like Plaintiffs and the Class.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Thus, the limited liability company form should be disregarded and liability attached to

2  Defendants Arcis Golf, Arcis Equity, and Mr. Walker.

3      3.9    Defendant Brightstar Golf Snoqualmie, LLC ("Brightstar") is a limited liability

4  company formed in Delaware with its principal place of business in Snoqualmie, Washington.

5  Defendant Brightstar was incorporated on or about February 11, 2008. From 2008 through

6  approximately July 2013, Defendant Brightstar owned and operated the Club.

7      3.10    Each Defendant committed the acts alleged in this Complaint either personally

8  or through such Defendant's officers, directors, agents, employees, or representatives while

9  actively engaged in the management, direction, or control, of the transactions giving rise to this

10  Complaint.

11      **IV.  GENERAL FACTUAL ALLEGATIONS**

12      4.1    Home to the only Jack Nicklaus Signature Course in Washington, the Club is a membership-

13  only golf and country club located in Snoqualmie, Washington.

14      4.2    From its founding to the present, the Club has offered Refundable Memberships

15  for sale to the general public. Those who purchase Refundable Memberships pay a large, one-

16  time membership fee in the tens of thousands of dollars ("Membership Fee"), and pay dues

17  each month afterward.

18      4.3    To become Club members, applicants must also complete and agree to abide by

19  a Membership Agreement and the Club's Membership and Operating Policies (the "Rules").

20      4.4    Defendant Brightstar owned and operated the Club through July 2013 when it

21  sold the Club to the Club Operator, Defendant CF Arcis VII.

22      4.5    In concert with Defendants CF Arcis VII, Arcis Equity, Arcis Golf, and Mr.

23  Walker, the Club Operator expressly and impliedly assumed the obligations of Defendant

24  Brightstar with respect to current and former members.

25      4.6    Plaintiffs purchased their Refundable Memberships prior to the 2013 sale of the

26  Club. The Rules in existence prior to 2013 give members the right to voluntarily resign and

CLASS ACTION COMPLAINT – 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  receive a refund of a portion of the Membership Fee paid to join the Club. These Rules entitle

2  resigning members to receive refunds once their memberships are re-issued to new members,

3  with the refund amounting to 70 percent of the of the Membership Fee published at the time the

4  Club Operator re-issues the membership. While they wait for their memberships to be re-

5  issued, resigning members are placed on a waiting list that the Club Operator maintains

6  ("Waiting List").

7      4.7    In 2013, Defendants changed the Rules in two significant ways (the "Revised

8  Rules"). First, they altered the refund procedure. The new refund procedure increased the

9  number of Refundable Memberships that needed to be sold before a former member could

10 receive a refund. Prior to 2013, for every three new golf memberships sold, the former member

11 at the top of the Waiting List would receive their refund. Under the Revised Rules, a golf

12 membership was refunded for every four new golf memberships issued.

13      4.8    The Revised Rules also authorized — for the first time in Club history — the

14 sale of non-refundable golf memberships ("Non-Refundable Memberships"). These Non-

15 Refundable Memberships are approximately half the price of Refundable Memberships. Except

16 for the difference in price and refundability, the Non-Refundable Memberships are

17 indistinguishable from the Refundable Memberships purchased by Plaintiffs and Class

18 members. *See* http://www.clubatsnoqualmieridge.com/membership (last visited August 3,

19 2017).

20      4.9    The Club Operator has since generated millions in revenue from the sale of

21 Non-Refundable Memberships. Meanwhile, on information and belief, the sale of Refundable

22 Memberships has all but ceased since the Non-Refundable Memberships became available for

23 purchase. As a result, the refundability of the Refundable Memberships is merely illusory.

24      4.10    The Rules in place prior to 2013 required that members receive notice of

25 potential Rule amendments by mail or hand-delivery. To ensure compliance, the Rules also

26 prohibited Rule amendments from becoming effective unless members received such notice.

CLASS ACTION COMPLAINT – 6

1    4.11    In addition, the Rules in place prior to 2013 required two-thirds of the Club's

2    members to approve Rule amendments that would materially adversely affect the rights of

3    members. Amendments that make it more difficult for members to receive refunds of their

4    Refundable Membership Fees materially adversely affect the rights of members.

5    4.12    When Defendants changed the Rules in 2013, they did not mail or hand-deliver

6    to members the Revised Rules, which materially adversely affected the ability of Club

7    members to receive refunds of their Refundable Memberships. Nor did Defendants seek or

8    obtain the approval of two-thirds of the members. As a result, the Revised Rules are not valid.

9    4.13    On information and belief, Defendants drafted the Revised Rules to prevent

10    members from receiving refunds of their Refundable Membership Fees.

11    4.14    Moreover, because Defendants drafted and adopted the Revised Rules in secret

12    and without notice to Plaintiffs and proposed Class members, Plaintiffs and proposed Class

13    members could not take advantage of a provision in the Rules that allows Club members to

14    resign, avoid the Waiting List procedure, and immediately receive 100 percent of the

15    Membership Fees they paid to join the Club.

16    4.15    On information and belief, Defendants Brightstar, CF Arcis VII, Arcis Golf,

17    Arcis Equity, and Mr. Walker sanctioned, directed, and participated in the drafting and

18    implementation of the Revised Rules, and had actual knowledge that the Rules were revised

19    without notice to members, that the Revised Rules would prevent members with Refundable

20    Memberships from receiving refunds of their Membership Fees, and that the Revised Rules did

21    not receive formal approval by a two-thirds vote of the Club membership. Because Defendants

22    Brightstar, CF Arcis VII, Arcis Golf, Arcis Equity, and Mr. Walker directed, participated

23    and/or ratified or approved of this wrongful conduct, they are directly liable.

24    4.16    The Club's refund policies were and continue to be dictated, coordinated,

25    negotiated and explained to members by Defendants CF Arcis VII, Arcis Golf, Arcis Equity,

26    and Defendant Walker.

CLASS ACTION COMPLAINT – 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# V.  CLASS ACTION ALLEGATIONS

5.1     Class Definition. Pursuant to Civil Rule 23(b)(3), Plaintiffs bring this case as a class action on behalf of the Class defined as follows:

> All persons who are on the Waiting List to receive refunds for their Refundable Golf Memberships with the Club at Snoqualmie Ridge in Snoqualmie, Washington.

5.2     Exclusions from Class. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

5.3     Numerosity. Plaintiffs believe there are at least 100 members of the Class. The members of the Class are so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

5.4     Commonality. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These questions include, but are not limited to, the following:

5.4.1   Whether Defendants amended the Rules in 2013 without providing notice to Club members;

5.4.2   Whether Defendants' Revised Rules — which changed the refund procedure and authorized the sale of Non-Refundable Memberships — materially adversely affected the ability of club members to receive refunds of the Membership Fees they paid for Refundable Memberships;

5.4.3   Whether two-thirds of the Club's membership approved the 2013 Revised Rules;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.4.4   Whether the Revised Rules are the product of a joint, covert effort by Brightstar, CF Arcis VII, Arcis Golf, Arcis Equity and/or Mr. Walker to increase the number of memberships sold while avoiding refunding Membership Fees for Refundable Memberships;

5.4.5   Whether drafting and adoption of the Revised Rules constitutes unfair business conduct;

5.4.6   Whether Defendants' common practice of refusing to apply revenues received from the sale of Non-Refundable Memberships towards refunds for resigned members on the Waiting List occurs in trade or commerce;

5.4.7   Whether Defendants' unfair and/or deceptive common conduct, including amending the Rules without notice has an impact on the public interest because it has injured and has the capacity to injure other persons;

5.4.8   Whether Defendants' unfair and/or deceptive common practice of eliminating demand for Refundable Memberships by continuing to sell Non-Refundable Memberships at half the price is continuing in nature and represents an ongoing threat of injury to Plaintiffs and Class members;

5.4.9   Whether final injunctive relief is necessary to prevent further injury to Plaintiffs and members of the Class;

5.4.10  Whether Arcis Golf, Arcis Equity and/or Mr. Walker knew that the Rules were revised without notice to members in 2013, that the Revised Rules would prevent members with Refundable Memberships from receiving refunds of their Membership Fees, and that the Revised Rules did not receive the required two-thirds vote of the Club membership; and

CLASS ACTION COMPLAINT – 9

1      5.4.11  Whether Arcis Golf, Arcis Equity and/or Mr. Walker also directed,

2              participated and/or ratified or approved of this wrongful conduct, and are

3              therefore also directly liable.

4      5.5    Typicality. The claims of the representative Plaintiffs are typical of the claims of

5   the Class. Plaintiffs' claims, like the claims of the members of the Class, arise out of the same

6   conduct by Defendants and are based on the same legal and remedial theories.

7      5.6    Adequacy of Representation. Plaintiffs will fairly and adequately protect the

8   interests of the Class. Plaintiffs have retained competent and capable attorneys who are

9   experienced trial lawyers with significant experience in complex and class action litigation.

10  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the

11  Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have

12  interests that are contrary to or that conflict with those of the Class.

13     5.7    Appropriateness of Injunctive Relief. Defendants have acted on grounds

14  generally applicable to the Class, thereby making final injunctive relief appropriate with respect

15  to the Class as a whole. Prosecution of separate actions by individual members of the Class

16  would create the risk of inconsistent or varying adjudications with respect to individual

17  members of the Class that would establish incompatible standards of conduct for Defendants.

18     5.8    Predominance. Defendants' conduct is uniform to all members of the Class.

19  Establishing Defendants' common conduct of revising the Rules without requisite notice and

20  standard practice of selling Non-Refundable Memberships that materially adversely affect

21  Class Members' refund rights requires no individualized proof. The common issues arising

22  from this conduct predominate over any individual issues. Adjudication of these common

23  issues in a single action has important and desirable advantages of judicial economy.

24     5.9    Superiority. Plaintiffs and members of the Class have suffered harm and

25  damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action,

26  however, most Class members likely would find the cost of litigating their claims prohibitive.

CLASS ACTION COMPLAINT – 10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Class treatment is superior to multiple individual suits or piecemeal litigation because it

2  conserves judicial resources, promotes consistency and efficiency of adjudication, provides a

3  forum for small claimants, and deters illegal activities. The members of the Class are readily

4  identifiable from Defendants' records, and there will be no significant difficulty in the

5  management of this case as a class action.

6  ### VI.  FIRST CLAIM FOR RELIEF
   ### (VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86 *ET. SEQ.*)

7

8  6.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the

9  preceding paragraphs.

10  6.2    Defendants are "persons" within the meaning of the Washington Consumer

11  Protection Act, RCW § 19.86.010(1), and conduct "trade" and "commerce" within the meaning

12  of the Washington Consumer Protection Act, RCW §19.86.010(2).

13  6.3    Plaintiffs and the other Class members are "persons" within the meaning of the

14  Washington Consumer Protection Act, RCW §19.86.010(1).

15  6.4    Defendants' conduct is unfair and/or deceptive within the meaning of the

16  Washington Consumer Protection Act, RCW §19.86.010, et seq. These unfair and deceptive

17  acts include:

18      6.4.1   Amending the Rules in 2013 without providing notice to members as

19              required by the Rules;

20      6.4.2   Amending the Rules in 2013 to explicitly provide for the creation of

21              Non-Refundable Memberships, while at the same time making it

22              impossible for those with Refundable Memberships to obtain refunds;

23      6.4.3   Amending the Rules in 2013 without seeking approval of two-thirds of

24              members as required by the Rules;

25  6.5    As a direct and proximate cause of Defendants' unfair and deceptive acts and

26  practices, Plaintiffs and the Class have been injured. Defendants' conduct has injured the

property of Plaintiffs and the other Class members, in that Defendants' conduct rendered the

CLASS ACTION COMPLAINT – 11

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  refundability of the memberships illusory, unreasonably delaying the time it would otherwise

2  take to receive a refund.

3      6.6    Plaintiffs and Class members would not have purchased Refundable

4  Memberships had they known Defendants would render their memberships valueless, e.g.

5  refundable in name only.

6      6.7    Defendants' secret revision of the Rules foreclosed Plaintiffs' and Class

7  members' ability to voluntarily resign after Defendant Brightstar sold the Club and receive an

8  immediate refund of 100 percent of their Memberships Fees, as provided by the Rules.

9      6.8    Defendants' conduct created uncertainty and confusion, forcing Plaintiffs and

10  the Class to expend time and resources investigating Defendants' new refund policies and the

11  status of their own refunds.

12     6.9    Defendants' acts and practices are immoral, unethical, oppressive and

13  unscrupulous, and are capable of causing substantial injury to consumers.

14     6.10   Defendants' practices as alleged herein have the tendency or capacity to mislead

15  consumers.

16     6.11   Defendants' unfair or deceptive acts or practices have occurred in its trade or

17  business, and were and are capable of deceiving a substantial portion of the public.

18     6.12   Defendants' general course of conduct has an impact on the public interest, in

19  that it has injured other persons and has the capacity to injure other persons.

20     6.13   As a result of Defendants' actions, Defendants have prospered and benefited

21  from the indefinite withholding of refunds from resigned members on the Waiting List.

22     6.14   Plaintiffs and Class members are therefore entitled to an order enjoining the

23  conduct complained of herein and such further equitable relief as the Court may deem proper.

24     6.15   Plaintiffs and Class members are also entitled to equitable relief as the Court

25  deems appropriate, including, but not limited to, disgorgement, for the benefit of Class

26  members, of all or part of the revenue Defendants received from its unfair scheme.

CLASS ACTION COMPLAINT – 12

6.16    Plaintiffs and Class members are entitled to recover compensatory, special and general damages as allowed by law. In addition, Plaintiffs and the Class are entitled to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

## VII.  SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

7.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2    The Rules are a valid written contract between Plaintiffs and Class Members and the Club Operator.

7.3    The Membership Agreements are valid written contracts between Plaintiffs and the Class, and the Club Operator. The Membership Agreements incorporate the terms of the Rules by reference.

7.4    Defendants breached various terms and conditions of the Rules including, but not limited to, amending the Rules without providing notice, amending the Rules without the requisite two-thirds vote of members, and materially adversely affecting Plaintiffs and Class members' refund rights.

7.5    Under the Rules, if the Club Operator transfers all or any portion of the Club Facilities to a third party, the third party takes title subject to the rights of the existing members.

7.6    Defendants CF Arcis VII and Arcis Golf expressly and impliedly assumed the obligations of Defendant Brightstar to comply with the Rules with respect to the resigned members on the Waiting List who purchased Refundable Memberships. Arcis Golf has acknowledged this duty in written communications.

7.7    Brightstar, CF Arcis VII, and Arcis Golf breached various terms and conditions of the Rules including, but not limited to, amending the Rules without providing notice, amending the Rules without the requisite approval of two-thirds of members, and materially and adversely affecting Plaintiffs' and Class members' rights to receive a refund.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7.8     Arcis Equity and Mr. Walker expressly and impliedly assumed the obligations of Brightstar with respect to Club members. Defendants Arcis Equity and Mr. Walker had actual knowledge of the Revised Rules, and sanctioned, directed, participated in and/or ratified or approved of the Revised Rules and are therefore also directly liable.

7.9     Arcis Equity and Mr. Walker are also liable as the actual, equitable, and/or apparent owners of CF Arcis VII and Arcis Golf via agency, apparent agency, alter ego, estoppel, and other equitable doctrines.

7.10    Plaintiffs and Class members have been damaged in amounts to be determined at trial, and Plaintiffs and Class members are entitled to recovery of such damages, including interest thereon.

## VIII.  THIRD CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     To the detriment of Plaintiffs, Defendants have been unjustly enriched and unjustly profiteered through retention or receipt of, directly or indirectly, revenues generated by the sale of Non-Refundable Memberships without applying those revenues to refund the memberships of those on the Waiting List.

8.3     It would be unjust for Defendants to retain the benefits attained by their actions. Accordingly, equity demands that Defendants disgorge all money secured as a result of their unlawful business practices.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.     For certification of the proposed Class as defined above;

B.     For the issuance of preliminary and permanent injunctions requiring Defendants to refund the memberships of members who join the Waiting List in the future;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      C.     Judgment jointly and severally against Defendants in an amount to be proven at

2 trial;

3      D.     For an award of compensatory damages, as permitted by law;

4      E.     For an award of treble damages up to the maximum amount pursuant to RCW

5 19.86.090 and as otherwise permitted by law or equitable doctrine;

6      F.     For an award of Plaintiffs' costs and attorneys' fees, pursuant to RCW

7 19.86.090 and as otherwise permitted by law or equitable doctrine;

8      G.     For leave to amend these pleadings to conform to the evidence presented at trial;

9 and

10      H.     For such other and further equitable or legal relief as the Court may deem just

11 and proper.

12      RESPECTFULLY SUBMITTED AND DATED this 20th day of November, 2017.

13                       TERRELL MARSHALL LAW GROUP PLLC

14                       By:  /s/ Beth E. Terrell, WSBA #26759

15                          Beth E. Terrell, WSBA #26759

                         Email:  bterrell@terrellmarshall.com

16                          Adrienne D. McEntee, WSBA #34061

                         Email: amcentee@terrellmarshall.com

17                          936 North 34th Street, Suite 300

18                          Seattle, Washington 98103

                         Telephone: (206) 816-6603

19                          Facsimile: (206) 319-5450

20                       *Attorneys for Plaintiffs and the Proposed Class*

21

22

23

24

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FILED

17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Lawrence Hart, Clyde Steven Lewis, James Presti and Michael Ralls<br><br>                          Plaintiff(s),<br><br>vs.<br><br>CF Arcis VII LLC dba The Club at Snoqualmie Ridge, et al.<br>                          Respondent(s) | NO.     17-2-31743-8 SEA<br>ORDER SETTING CIVIL CASE SCHEDULE<br><br>ASSIGNED JUDGE:  Galvan, Veronica Alicea, Dept. 21<br><br>FILED DATE: 12/8/2017<br>TRIAL DATE: 12/10/2018<br>SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (***Schedule***)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

## I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims  is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

 **ARBITRATION FILING  AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 12/8/2017 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 5/18/2018 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 5/18/2018 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 6/1/2018 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 7/9/2018 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 8/20/2018 |
|  | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 9/4/2018 |
|  | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 9/4/2018 |
|  | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 10/22/2018 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 11/13/2018 |
|  | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 11/19/2018 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 11/19/2018 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 11/26/2018 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 12/3/2018 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 12/3/2018 |
|  | Trial Date [See KCLCR 40] | 12/10/2018 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:  12/8/2017  _____
                                              PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**   If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**   Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**   Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS  OF THIS ORDER MAY RESULT IN DISMISSAL  OR OTHER  SANCTIONS.  PLAINTIFF/PEITITONER  SHALL FORWARD A COPY OF THIS ORDER AS SOON  AS PRACTICABLE TO ANY PARTY WHO HAS NOT  RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

FILED

17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Lawrence Hart, Clyde Steven Lewis, Jar | NO. 17-2-31743-8 SEA |
| VS | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |
| CF Arcis VII LLC dba The Club at Snoqu | |

CAUSE OF ACTION

**(MSC) -**      OTHER COMPLAINT/PETITION (MSC 2)

AREA DESIGNATION

**SEATTLE -**      Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
     COUNTY OF KING

8

9  LAWRENCE HART, CLYDE STEVEN
   LEWIS, JAMES PRESTI, and MICHAEL
10 RALLS, individually and on behalf of all          NO.
   others similarly situated,
11                                                    **SUMMONS (20 DAY)**

12                Plaintiffs,

13         v.

14 CF ARCIS VII LLC d/b/a THE CLUB AT
   SNOQUALMIE RIDGE, d/b/a TPC AT
15 SNOQUALMIE RIDGE, and d/b/a
   SNOQUALMIE RIDGE GOLF CLUB, CF
16 ARCIS X HOLDINGS, LLC d/b/a ARCIS
   GOLF, ARCIS EQUITY PARTNERS, LLC,
17 BLAKE S. WALKER, individually and on
   behalf of the marital community of BLAKE S.
18 WALKER and JANE DOE WALKER, and
   BRIGHTSTAR GOLF SNOQUALMIE, LLC,
19
20                Defendants.

21

22

23 TO:    CF ARCIS VII LLC d/b/a THE CLUB AT SNOQUALMIE RIDGE, d/b/a/
          TPC AT SNOQUALMIE RIDGE, and d/b/a SNOQUALMIE RIDGE GOLF CLUB:

24         A lawsuit has been started against you in the above-entitled court by the above-named

25 Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon

26 you with this Summons.

SUMMONS (20 DAY) – 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for Plaintiffs within twenty (20) days after the service of this Summons, excluding the day of service. If you do not respond, a default judgment may be entered against you without notice. A default judgment is one in which Plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorneys, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon Plaintiffs. Within fourteen (14) days after you serve the demand, Plaintiffs must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 20th day of November, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By: _/s/ Beth E. Terrell, WSBA #26759_____
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Adrienne D. McEntee, WSBA #34061
    Email: amcentee@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

*Attorneys for Plaintiff*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FILED

17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

LAWRENCE HART, CLYDE STEVEN
LEWIS, JAMES PRESTI, and MICHAEL
RALLS, individually and on behalf of all
others similarly situated,

                Plaintiffs,

      v.

CF ARCIS VII LLC d/b/a THE CLUB AT
SNOQUALMIE RIDGE, d/b/a TPC AT
SNOQUALMIE RIDGE, and d/b/a
SNOQUALMIE RIDGE GOLF CLUB, CF
ARCIS X HOLDINGS, LLC d/b/a ARCIS
GOLF, ARCIS EQUITY PARTNERS, LLC,
BLAKE S. WALKER, individually and on
behalf of the marital community of BLAKE S.
WALKER and JANE DOE WALKER, and
BRIGHTSTAR GOLF SNOQUALMIE, LLC,

                Defendants.

NO.

**SUMMONS (60 DAY)**

TO:    CF ARCIS X HOLDINGS, LLC d/b/a ARCIS GOLF:

      A lawsuit has been started against you in the above-entitled court by the above-named

Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon

you with this Summons.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    In order to defend against this lawsuit, you must respond to the Complaint by stating

2    your defense in writing, and serve a copy upon the undersigned attorneys for Plaintiffs within

3    sixty (60) days after the service of this Summons, excluding the day of service.  If you do not

4    respond, a default judgment may be entered against you without notice.  A default judgment is

5    one in which Plaintiffs are entitled to what they ask for because you have not responded.  If you

6    serve a notice of appearance on the undersigned attorneys, you are entitled to notice before a

7    default judgment may be entered.

8    You may demand that Plaintiffs file this lawsuit with the court.  If you do so, the

9    demand must be in writing and must be served upon Plaintiffs.  Within fourteen (14) days after

10   you serve the demand, Plaintiffs must file this lawsuit with the court, or the service on you of

11   this Summons and Complaint will be void.

12   If you wish to seek the advice of an attorney in this matter, you should do so promptly

13   so that your written response, if any, may be served on time.

14   This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

15   State of Washington.

16   DATED this 20th day of November, 2017.

17                                   TERRELL MARSHALL LAW GROUP PLLC

18                                   By:  /s/ Beth E. Terrell, WSBA #26759
                                         Beth E. Terrell, WSBA #26759
19                                       Email: bterrell@terrellmarshall.com
                                         Adrienne D. McEntee, WSBA #34061
20                                       Email: amcentee@terrellmarshall.com
                                         936 North 34th Street, Suite 300
21                                       Seattle, Washington 98103
                                         Telephone:  (206) 816-6603
22                                       Facsimile: (206) 319-5450

23

24                                   *Attorneys for Plaintiff*

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FILED

17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

8

9   LAWRENCE HART, CLYDE STEVEN
LEWIS, JAMES PRESTI, and MICHAEL
10  RALLS, individually and on behalf of all          NO.
others similarly situated,
11                                                    **SUMMONS (60 DAY)**

12              Plaintiffs,

13         v.

14  CF ARCIS VII LLC d/b/a THE CLUB AT
SNOQUALMIE RIDGE, d/b/a TPC AT
15  SNOQUALMIE RIDGE, and d/b/a
SNOQUALMIE RIDGE GOLF CLUB, CF
16  ARCIS X HOLDINGS, LLC d/b/a ARCIS
GOLF, ARCIS EQUITY PARTNERS, LLC,
17  BLAKE S. WALKER, individually and on
behalf of the marital community of BLAKE S.
18  WALKER and JANE DOE WALKER, and
BRIGHTSTAR GOLF SNOQUALMIE, LLC,
19

20              Defendants.

21

22

23  TO:     ARCIS EQUITY PARTNERS, LLC:

24         A lawsuit has been started against you in the above-entitled court by the above-named

25  Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon

26  you with this Summons.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for Plaintiffs within sixty (60) days after the service of this Summons, excluding the day of service. If you do not respond, a default judgment may be entered against you without notice. A default judgment is one in which Plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorneys, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon Plaintiffs. Within fourteen (14) days after you serve the demand, Plaintiffs must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 20th day of November, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone:  (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiff*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FILED

17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| LAWRENCE HART, CLYDE STEVEN LEWIS, JAMES PRESTI, and MICHAEL RALLS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CF ARCIS VII LLC d/b/a THE CLUB AT SNOQUALMIE RIDGE, d/b/a TPC AT SNOQUALMIE RIDGE, and d/b/a SNOQUALMIE RIDGE GOLF CLUB, CF ARCIS X HOLDINGS, LLC d/b/a ARCIS GOLF, ARCIS EQUITY PARTNERS, LLC, BLAKE S. WALKER, individually and on behalf of the marital community of BLAKE S. WALKER and JANE DOE WALKER, and BRIGHTSTAR GOLF SNOQUALMIE, LLC,<br><br>Defendants. | NO.<br><br>**SUMMONS (60 DAY)** |

TO:    BLAKE WALKER:

A lawsuit has been started against you in the above-entitled court by the above-named

Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon

you with this Summons.

SUMMONS (60 DAY) – 1

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    In order to defend against this lawsuit, you must respond to the Complaint by stating

2    your defense in writing, and serve a copy upon the undersigned attorneys for Plaintiffs within

3    sixty (60) days after the service of this Summons, excluding the day of service.  If you do not

4    respond, a default judgment may be entered against you without notice.  A default judgment is

5    one in which Plaintiffs are entitled to what they ask for because you have not responded.  If you

6    serve a notice of appearance on the undersigned attorneys, you are entitled to notice before a

7    default judgment may be entered.

8    You may demand that Plaintiffs file this lawsuit with the court.  If you do so, the

9    demand must be in writing and must be served upon Plaintiffs.  Within fourteen (14) days after

10   you serve the demand, Plaintiffs must file this lawsuit with the court, or the service on you of

11   this Summons and Complaint will be void.

12   If you wish to seek the advice of an attorney in this matter, you should do so promptly

13   so that your written response, if any, may be served on time.

14   This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

15   State of Washington.

16   DATED this 20th day of November, 2017.

17   TERRELL MARSHALL LAW GROUP PLLC

18   By:  /s/ Beth E. Terrell, WSBA #26759
        Beth E. Terrell, WSBA #26759
19      Email: bterrell@terrellmarshall.com
        Adrienne D. McEntee, WSBA #34061
20      Email: amcentee@terrellmarshall.com
        936 North 34th Street, Suite 300
21      Seattle, Washington 98103
        Telephone:  (206) 816-6603
22      Facsimile: (206) 319-5450

23

24   *Attorneys for Plaintiff*

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FILED

17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

1

2

3

4

5

6

7        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                            COUNTY OF KING
8

9   LAWRENCE HART, CLYDE STEVEN
    LEWIS, JAMES PRESTI, and MICHAEL
10  RALLS, individually and on behalf of all          NO.
    others similarly situated,
11                                                     **SUMMONS (20 DAY)**

12                        Plaintiffs,

13          v.

14  CF ARCIS VII LLC d/b/a THE CLUB AT
    SNOQUALMIE RIDGE, d/b/a TPC AT
15  SNOQUALMIE RIDGE, and d/b/a
    SNOQUALMIE RIDGE GOLF CLUB, CF
16  ARCIS X HOLDINGS, LLC d/b/a ARCIS
    GOLF, ARCIS EQUITY PARTNERS, LLC,
17  BLAKE S. WALKER, individually and on
    behalf of the marital community of BLAKE S.
18  WALKER and JANE DOE WALKER, and
    BRIGHTSTAR GOLF SNOQUALMIE, LLC,
19
20                        Defendants.

21

22

23  TO:     BRIGHTSTAR GOLF SNOQUALMIE, LLC:

24          A lawsuit has been started against you in the above-entitled court by the above-named

25  Plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon

26  you with this Summons.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

SUMMONS (20 DAY) – 1

1    In order to defend against this lawsuit, you must respond to the Complaint by stating

2    your defense in writing, and serve a copy upon the undersigned attorneys for Plaintiffs within

3    twenty (20) days after the service of this Summons, excluding the day of service.  If you do not

4    respond, a default judgment may be entered against you without notice.  A default judgment is

5    one in which Plaintiffs are entitled to what they ask for because you have not responded.  If you

6    serve a notice of appearance on the undersigned attorneys, you are entitled to notice before a

7    default judgment may be entered.

8    You may demand that Plaintiffs file this lawsuit with the court.  If you do so, the

9    demand must be in writing and must be served upon Plaintiffs.  Within fourteen (14) days after

10   you serve the demand, Plaintiffs must file this lawsuit with the court, or the service on you of

11   this Summons and Complaint will be void.

12   If you wish to seek the advice of an attorney in this matter, you should do so promptly

13   so that your written response, if any, may be served on time.

14   This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

15   State of Washington.

16   DATED this 20th day of November, 2017.

17                                              TERRELL MARSHALL LAW GROUP PLLC

18                                              By:  /s/ Beth E. Terrell, WSBA #26759
19                                                   Beth E. Terrell, WSBA #26759
                                                     Email: bterrell@terrellmarshall.com
20                                                   Adrienne D. McEntee, WSBA #34061
                                                     Email: amcentee@terrellmarshall.com
21                                                   936 North 34th Street, Suite 300
                                                     Seattle, Washington 98103
22                                                   Telephone:  (206) 816-6603
                                                     Facsimile: (206) 319-5450
23
24                                              *Attorneys for Plaintiff*

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FILED

17 DEC 08 PM 3:43

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

# KING COUNTY SUPERIOR COURT

## CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET
## (CICS)

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** _____

(Provided by the Clerk)

**CASE CAPTION:** _____ Lawrence Hart, et al. v. CF Arcis VII, LLC, et al. _____

(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)
(When filing into an existing family law case, the case caption remains the same as the original filing.)

Please mark one of the boxes below:

[X]   **Seattle Area**, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

[ ]   **Kent Area,** defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

Beth E. Terrell, WSBA #26759                    11/20/2017
_____      _____
Signature of Attorney          WSBA Number          Date

or

_____      _____
Signature of person who is starting case          Date

936 North 34th Street, Suite 300, Seattle, Washington 98103
_____
Address, City, State, Zip Code of person who is starting case if not represented by attorney

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET

## CIVIL
Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)*

(Petition to the Superior Court for review of rulings made by state administrative agencies.( e.g. DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS, L & I))

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (MSC 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Property Fairness (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (MSC 2)

(Petition to force or confirm private binding arbitration.)

☐ Bond Justification (MSC 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Change of Name (CHN 5)

(Petition for name change, when domestic violence/antiharassment issues require confidentiality.)

☐ Certificate of Rehabilitation (MSC 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration of Opportunity (MSC 2)

(Establishes eligibility requirements for certain professional licenses)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

☐ Deposit of Surplus Funds (MSC 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Foreign Subpoena (MSC 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Frivolous Claim of Lien (MSC 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (MSC 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Non-Judicial Filing (MSC 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☒ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed.)

☐ Public records Act (PRA 2)*
(Actions filed under RCW 42.56.)

☐ Receivership (MSC 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*

(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.))

☐ Structured Settlements- Seattle (MSC 2)

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (MSC 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**
☐ Personal Injury (PIN 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (WDE 2)*

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital  (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.)  RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Implants (PIN 2)

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

Page **5** of **5**

FILED

17 DEC 21 PM 3:50

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-31743-8 SEA

The Honorable Veronica Alicea-Galvan

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

LAWRENCE HART, CLYDE STEVEN
LEWIS, JAMES PRESTI, and MICHAEL
RALLS, individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

CF ARCIS VII LLC d/b/a THE CLUB AT
SNOQUALMIE RIDGE, d/b/a TPC AT
SNOQUALMIE RIDGE, and d/b/a
SNOQUALMIE RIDGE GOLF CLUB, CF
ARCIS X HOLDINGS, LLC d/b/a ARCIS
GOLF, ARCIS EQUITY PARTNERS, LLC,
BLAKE S. WALKER, individually and on
behalf of the marital community of BLAKE S.
WALKER and JANE DOE WALKER, and
BRIGHTSTAR GOLF SNOQUALMIE, LLC,

Defendants.

No. 17-2-31743-8 SEA

NOTICE OF APPEARANCE

Please take NOTICE that the undersigned attorneys hereby appear in the above-entitled

action as counsel for Defendants CF Arcis VII LLC d/b/a The Club at Snoqualmie Ridge d/b/a

TPC at Snoqualmie Ridge, and d/b/a Snoqualmie Ridge Golf Club; CF Arcis X Holdings, LLC

d/b/a Arcis Golf; Arcis Equity Partners, LLC; Blake S. Walker; and the marital community

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

comprised of Blake S. Walker and Jane Doe Walker (collectively the "Arcis Defendants"), and request that all further papers and pleadings, except original process, be served on the undersigned attorneys at the address below stated.

By serving this Notice of Appearance, the Arcis Defendants do not waive any defense, including but not limited to any defense of lack of jurisdiction, insufficiency of process, or failure or insufficiency of service of process.

DATED this 21st day of December, 2017.

Davis Wright Tremaine LLP
*Attorneys for the Arcis Defendants*

By *s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168

By *s/ Rebecca J. Francis*
Rebecca J. Francis, WSBA #41196

1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail: steverummage@dwt.com
E-mail: rebeccafrancis@dwt.com

NOTICE OF APPEARANCE - 2
4852-4481-8265v.1 -

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2017, a copy of this *Notice of Appearance* was sent via U.S. first-class mail and by electronic mail to plaintiffs' counsel of record addressed as follows:

Beth E. Terrell
Adrienne D. McEntee
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA  98103-8869
E-mail:  bterrell@terrellmarshall.com
E-mail:  amcentee@terrellmarshall.com

DATED this 21st day of December, 2017.

Davis Wright Tremaine LLP
*Attorney for the Arcis Defendants*

By *s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: steverummage@dwt.com

NOTICE OF APPEARANCE - 3
4852-4481-8265v.1 -