THE HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

## U.S. DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | LAWRENCE HART, CLYDE STEPHEN LEWIS, JAMES PRESTI, and MICHAEL RALLS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CF ARCIS VII LLC d/b/a THE CLUB AT SNOQUALMIE RIDGE, d/b/a TPC AT SNOQUALMIE RIDGE, and d/b/a SNOQUALMIE RIDGE GOLF CLUB, CF ARCIS IV HOLDINGS, LLC, ARCIS EQUITY PARTNERS, LLC, BLAKE S. WALKER, individually and on behalf of the marital community of BLAKE S. WALKER and JANE DOE WALKER, and BRIGHTSTAR GOLF SNOQUALMIE, LLC,<br><br>    Defendants. | NO. 2:17-CV-01932-RSM<br><br>**DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

20    I, Beth E. Terrell, declare as follows:

21    1.    I am a member of the law firm of Terrell Marshall Law Group PLLC

22 ("TMLG"), counsel of record for Plaintiffs in this matter. I am a member in good standing of

23 the bars of the states of California and Washington. I respectfully submit this declaration in

24 support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

25 If called to testify as to the contents of this declaration, I could and would competently do so.

26

27

1

**Our Work on the Case**

2      2.      The Club at Snoqualmie Ridge is a membership-only golf club in Snoqualmie,

3   Washington. In the summer of 2017, TMLG began working with Lawrence Hart to investigate

4   allegations that Arcis had improperly amended Club Rules governing individual golf

5   memberships at the Club by introducing non-refundable memberships. Mr. Hart and others had

6   purchased refundable golf memberships and subsequently placed themselves on the Club's

7   Refund List, pursuant to a provision in the Rules that allowed members to voluntarily resign

8   and receive a partial refund of their membership fee. With the introduction of non-refundable

9   memberships, the sale of refundable memberships effectively ended, and Arcis stopped paying

10   refunds to those on the Refund List.

11      3.      In November 2017, TMLG tried unsuccessfully to resolve the refund issues with

12   Arcis without resort to litigation.

13      4.      In December 2017, Lawrence Hart, Clyde Stephen Lewis, James Presti, and

14   Michael Ralls, filed suit against CF Arcis VII LLC d/b/a The Club at Snoqualmie Ridge, d/b/a

15   TPC at Snoqualmie Ridge, and d/b/a Snoqualmie Ridge Golf Club, CF Arcis IV Holdings,

16   LLC, Arcis Equity Partners, LLC (collectively, "Arcis"), Arcis's CEO, Blake Walker, and

17   Arcis's predecessor, Brightstar Golf Snoqualmie, LLC. Arcis timely removed the case to

18   federal court.

19      5.      Arcis then moved to dismiss asserting that Plaintiffs' CPA and unjust

20   enrichment claims were barred by the statute of limitations, that Arcis's behavior was not

21   deceptive or unfair, and that Plaintiffs could not satisfy the public interest element of the CPA.

22   Arcis also argued that Plaintiffs' breach of contract claim failed because the Rules authorize the

23   Club's owner to add other classes of membership, Plaintiffs could not show their refunds would

24   have been paid had the Rules never been changed, and even if they could, the Rules did not

25   require Arcis to pay refunds from the sale of non-refundable memberships. Arcis also explained

26   it had adopted a Voluntary Refund Policy ("VRP") in 2016, which accelerated refunds without

27

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
CASE NO. 2:17-CV-01932-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  regard to the sale of refundable memberships. Under the VRP, which Arcis implemented on a

2  voluntary basis three years after it purchased the Club, Arcis paid refunds with proceeds from

3  the sale of both non-refundable and refundable memberships.

4       6.    At the parties' request, the Court extended briefing deadlines to provide the

5  parties time to negotiate a resolution of the litigation before Plaintiffs amended their complaint

6  and Arcis renewed its motion to dismiss. Those negotiations failed, and Plaintiffs amended

7  their complaint to include factual allegations that would cure Arcis's statute of limitations

8  argument and pled conversion in lieu of unjust enrichment. Arcis renewed its motion to dismiss

9  on May 10, 2018, and despite Plaintiffs' vigorous opposition to Arcis's motion, on August 2,

10  2018, the Court partially granted Arcis's motion. Because there were no allegations that

11  persons outside the Club were injured by the amendment of the Rules, the Court held that

12  Plaintiffs "failed to show a public interest impact" and dismissed Plaintiffs' CPA claim. ECF

13  26 at 6:9-10. The Court also dismissed Plaintiffs' conversion claim and all claims against

14  Arcis's CEO. However, the Court allowed Plaintiffs' breach of contract claim against Arcis to

15  proceed.

16       7.    While Plaintiffs initially named as a defendant Brightstar Golf Snoqualmie,

17  LLC, the company that sold the Club to Arcis, Plaintiffs were ultimately unable to seek relief

18  against Brightstar, which dissolved in November 2013. *See* ECF No. 1 at ¶ 17; *see also* RCW

19  25.15.309(1) (barring claims against dissolved entities if not filed within three years of

20  dissolution).

21       8.    The parties engaged in informal discovery regarding the Refund List, the

22  number of memberships Arcis sold, and the number of refunds Arcis paid. Arcis provided a list

23  of refunds requested by members prior to Arcis's purchase, and a current list that showed the

24  number of requested refunds since Arcis bought the Club. Arcis also provided membership

25  statistics and information regarding refunds the Club made both before and after Arcis's

26

27

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

adoption of the VRP, as well as a list of memberships sold since Arcis acquired the Club, including date, price, and type.

9.   After the Court entered its order on Arcis's motion to dismiss, the parties' communications centered on the scope of damages for Plaintiffs' remaining claim for breach of contract. Under the Rules, Arcis was to refund $27,300 (70% of the cost of a $39,000 refundable membership) for every $117,000 in memberships it sold (i.e., for every three memberships at $39,000 each). As a formula, this meant that the Club would refund 23.3% of what it received for refundable memberships. Arcis provided us its calculation of potential possible exposure if Plaintiffs prevailed at trial. By (a) taking the amounts Arcis received for selling individual memberships before it implemented the VRP, including both cash and notes (without taking into account write-offs); (b) multiplying this amount by 23.3% to determine how much Arcis should have refunded under Plaintiffs' theory of the case; and (c) subtracting amounts for refunds Arcis made after it acquired the Club but before it implemented the VRP, Arcis calculated the amount of damages Plaintiffs could obtain at trial if they prevailed was $278,000.

10.   At the time Arcis purchased the Club, 176 members had already placed themselves on the Refund List, including Steve Lewis, who joined the list in 2007, and Jim Presti, who joined the list in 2008. By the time Arcis removed the case to federal court, the Refund List had grown to 248, with Mr. Lewis at No. 17, Mr. Presti at No. 60, and Mr. Ralls at No. 174. Arcis has represented that the Settlement Class includes 334 individuals who hold refundable memberships, 256 of whom are currently on the Refund List (some people have moved off the list because they've received refunds, while others have added themselves to the list, which accounts for the changing number).

11.   The Court authorized Mr. Hart's withdrawal from the case on March 14, 2019. Sadly, Mr. Hart passed away shortly thereafter.

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

12.     On May 8, 2019, after Arcis provided substantial information regarding the scope of potential damages for breach of contract, the parties attended an all-day mediation with Jim Smith of Smith & Hennessey, PLLC, where they made substantial progress toward resolution but did not reach an agreement. After further negotiations with Mr. Smith's assistance, the parties agreed to the terms of a class action settlement and executed the Settlement Agreement in July 2019.

13.     Settlement negotiations were at all times adversarial and at arm's-length. There is no arrangement in which Arcis has agreed not to object Class Counsel's fee request. And no amount of unclaimed fees will revert to Arcis.

14.     The Settlement Agreement is contingent on Arcis providing confirmatory declarations under penalty of perjury describing how Arcis calculated the data provided to Class Counsel regarding the sale of golf memberships and refunds made since Arcis's 2013 purchase of the Club. Arcis provided declarations from James Hochrine on August 1, and Stephen M. Rummage on August 12, which will be filed with the Court.

15.     A copy of the parties' Class Action Settlement Agreement is attached as **Exhibit A.**

<strong>TMLG's Experience</strong>

16.     TMLG is a law firm in Seattle, Washington, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, product defect, civil rights, employment, wage and hour, real estate, and personal injury matters. The attorneys of TMLG have extensive experience in class actions, collective actions, and other complex matters. They have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level. They have prosecuted a variety of multi-million-dollar consumer fraud, civil rights, wage and hour, and product defect class actions.

17.     TMLG has actively and successfully litigated consumer class action lawsuits. TMLG has taken the lead in some of the largest nationwide class actions filed under the TCPA,

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
CASE NO. 2:17-CV-01932-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  including those filed against large financial institutions such as Sallie Mae, Bank of America,

2  Discover Financial Services, Capital One, and HSBC. I have been appointed co-lead counsel in

3  two of the largest MDLs involving TCPA claims, *In re Capital One Telephone Consumer*

4  *Protection Act Litigation*, 1:12-cv-10064 (N.D. Illinois), and *In re Monitronics International,*

5  *Inc. Telephone Consumer Protection Act Litigation*, MDL No. 1:13-MD-2493 (N.D. W. Va.).

6      18.    TMLG is litigating or has settled the following consumer class actions:

- *Breazeale v. Victim Services, Inc., et al.*—Filed in 2014 on behalf of California consumers who received false, misleading, and deceptive debt collection letters printed on the letter head of county prosecuting attorneys. The case is pending in the United States District Court for the Northern District of California.

- *Dibb, et al. v. AllianceOne Receivables Management, Inc.*—TMLG represents three certified classes of Washington consumers who received unfair and deceptive debt collection notices that included threats of criminal prosecution.  The case settled on a class-wide basis for $1,900,000 in March 2017, and final approval was granted in July 2017.

- *Cavnar, et al. v. BounceBack, Inc.*—Filed in 2014 on behalf of Washington consumers who received false, misleading, and deceptive debt collection letters printed on the letter head of county prosecuting attorneys.  TMLG worked to negotiate a class-wide settlement, and final approval was granted in September 2016.

- *Smith v. Legal Helpers Debt Resolution LLC*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law.  Class settlements were approved by the Court in December 2012 and December 2013.

- *Brown v. Consumer Law Associates LLC, et al.*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law.  A class settlement was approved by the Court in 2013.

- *Bronzich, et al. v. Persels & Associates, LLC, et al.*—Filed in 2010 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law.  A class settlement was approved by the Court in 2013.

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

- *Beaty v. Ford Motor Company* —Filed in 2017 on behalf of owners of various models of Ford, Lincoln and Mercury vehicles with defective panoramic sunroofs manufactured and sold between 2007-2016. TMLG represents Plaintiffs who allege that the panoramic sunroofs in the affected vehicles spontaneously shatter or explode. The case is pending in the United States District Court for the Western District of Washington.

5

6

7

8

9

- *Lohr v. Nissan North America, Inc.* and *Nissan Motor Co., Ltd.*—Filed in 2016 in King County Superior Court and removed to the United States District Court for the Western District of Washington. TMLG represents a proposed class of consumers who own Nissan vehicles manufactured and sold since 2009 with defective panoramic sunroofs. Plaintiffs allege that the sunroofs spontaneously shatter or explode.

10

11

12

13

- *Gold, et al. v. Lumber Liquidators, Inc.*—Filed in 2014 on behalf of consumers who purchased defective flooring. TMLG represents six sub-classes of consumers in the states of California, Illinois, West Virginia, Minnesota, Pennsylvania, and Florida. The classes were certified in November 2017. The case is pending in the United States District Court for the Northern District of California.

14

15

16

17

- *Jordan v. Nationstar Mortgage, LLC*—After a plaintiff class was certified by a Washington trial court, the action was removed to District Court in 2014. TMLG represents a class of homeowners who were improperly locked out of their homes by their mortgage lender. The parties agreed to a settlement in December 2017, which was finally approved in May 2019.

18

19

20

- *Soto v. American Honda Motor Corporation*—Filed in 2012 on behalf of owners and lessees of 2008-2010 Honda Accords that consume motor oil at a much higher rate than intended, due to a systemic design defect. The case settled on a class-wide basis and final approval was granted in March 2014.

21

22

23

24

- *Milligan, et al. v. Toyota Motor Sales, Inc.*—Filed in 2009 on behalf of owners of 2001-2003 Toyota RAV4s containing defective Electronic Computer Modules, which cause harsh shifting conditions and permanent damage to the transmissions. TMLG worked to negotiate a nationwide class action settlement, and final approval was granted in January 2012.

25

26

- *Kitec Consolidated Cases*—Served as co-counsel in a national class action lawsuit against the manufacturers of defective hydronic

27

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

heating and plumbing systems.  The case settled for $125,000,000, and final approval was granted in 2011.

- *Seraphin v. AT&T Internet Services, Inc., et al.*—A multi-state class action filed in 2009 on behalf of AT&T internet customers who paid $20 a month or less for internet service and were assessed and Early Termination Fee when they cancelled service.  A class settlement was approved by the Court in 2011.

19.     TMLG has also actively and successfully litigated class action lawsuits under the Telephone Consumer Protection Act ("TCPA"). TMLG has taken the lead in some of the largest nationwide class actions filed under the TCPA, including those filed against large financial institutions such as Sallie Mae, Bank of America, Discover Financial Services, Capital One, and HSBC.

20.     TMLG is litigating or has recently settled the following Telephone Consumer Protection Class Actions:

- *In re Capital One Telephone Consumer Protection Act Litigation*— Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent. I served as court-appointed interim co-lead counsel. The court granted final approval of a $75,455,098.74 settlement in February 2015.

- *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*—Filed on behalf consumers who received automated, prerecorded solicitation telephone calls on their residential and business telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* I serve as co-lead counsel in the MDL. The case settled on a class-wide basis in 2017 for $28,000,000, and final approval was granted on June 12, 2018.

- *Abante Rooter and Plumbing, Inc., et al. v. Alarm.com Incorporated, et al.*—TMLG represents two certified classes of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 8
CASE NO. 2:17-CV-01932-RSM

*et seq.* The case settled on a class-wide basis for $28,000,000 and final approval was granted on August 13, 2019.

- *Snyder v. Ocwen Loan Servicing, LLC*—Filed on behalf of consumers who received automated collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis for $21,500,000 and was finally approved in the United States District Court for the Northern District of Illinois on June 4, 2019.

- *Abante Rooter and Plumbing, Inc. v. Pivotal Payments Inc*— Filed on behalf of small businesses that received automated solicitation telephone calls to their cell phones. The case settled on a class-wide basis for $9 million and final approval was granted by the United States District Court for the Northern District of California in October 2018.

- *Charvat v. Plymouth Rock Energy*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and/or to telephone numbers registered on the National-Do-Not-Call Registry. The case was finally approved in the United States District Court for the Eastern District of New York on July 31, 2018.

- *Melito v. American Eagle Outfitters, Inc.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016 for $14,500,000, and final approval was granted by the United States District Court for the Southern District of New York in September 2017. The United States Court of Appeals for the Second Circuit affirmed the settlement on April 30, 2019. *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85 (2d Cir. 2019)

- *Ashack v. Caliber Home Loans*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a nationwide settlement in 2016 for $2,895,000, and final approval was granted in June 2017.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- *Joseph v. TrueBlue Inc.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016 for $5,000,000, and final approval was granted in March 2017.

- *Gehrich v. Chase Bank USA*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a $34,000,000 nationwide settlement; final approval was granted in March 2016.

- *Ott v. Mortgage Investors Corporation*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a $7,483,600 class-wide settlement and final approval was granted in January 2016.

- *Wilkins v. HSBC Bank Nevada, N.A.*—Filed on behalf of individuals who alleged that HSBC made prerecorded calls using an automatic dialing system. The case settled on a class-wide basis in 2014 for $39,975,000, and final approval was granted in March 2015.

- *Rose v. Bank of America Corp.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a nationwide settlement of $32,083,905, which was granted final approval in August 2014.

- *Steinfeld v. Discover Financial Services*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated an $8.7 million settlement, which was granted final approval in March 2014.

- *Arthur v. Sallie Mae, Inc.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a $24.15 million nationwide settlement, and final approval was granted in 2012.

DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 10
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

21.     I am the lead attorney from TMLG in this case. A founding member of TMLG, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions. I have served as co-lead counsel on numerous multi-state and nationwide class actions. I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice.

22.     I received a B.A., magna cum laude, from Gonzaga University in 1990. In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif. Prior to forming TMLG in May 2008, I was a member of Tousley Brain Stephens PLLC. I am a frequent speaker at legal conferences on a wide variety of topics including consumer class actions, employment litigation, and electronic discovery, and I have been awarded an "AV" rating in Martindale Hubble by my peers.

23.     I am actively involved in several professional organizations and activities. For example, I am currently an Eagle Member of the Washington State Association of Justice, and serve as the Chair of its Consumer Protection Section. I am the current Chair of the Washington Employment Lawyers Association and the President of the Public Justice Foundation.

24.     I have been repeatedly named to the annual Washington Super Lawyers list (2005 and 2010-2018) by Washington Law & Politics Magazine. I was also named to their Top 100 Washington Super Lawyers list (2014 and 2015) and their Top 50 Women Super Lawyers list (2012, 2013, 2014, 2015, and 2016).

25.     **Adrienne D. McEntee** is a member of TMLG and a 2003 graduate from the University of Washington School of Law, where she was a member of the Pacific Rim Law and Policy Journal and Moot Court Honor Board. Prior to joining TMLG, she was a member of Tousley Brain Stephens PLLC, where she practiced for five years. Before entering private practice, Ms. McEntee worked with the King County Prosecuting Attorney's Office, where she prosecuted a broad range of crimes. She is a member of the Washington Women Lawyers'

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 11
CASE NO. 2:17-CV-01932-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Judicial Evaluation Committee. In 2018 and 2019, Ms. McEntee was named to the Washington

2  Super Lawyers list.

3  **Risk, Attorneys' Fees, and Costs**

4        26.     In my experience, the Settlement provides substantial benefits to Settlement

5  Class Members, particularly in light of the risks involved in this case. We are confident in the

6  strength of the case and the ability to prevail both at class certification and on the merits.

7  However, we still faced significant hurdles in addressing Arcis's defenses. For example, Arcis

8  argued that it did not violate the Rules by amending them to add non-refundable memberships

9  because the Rules expressly authorized Arcis to not only created new categories of

10  memberships, but also to unilaterally establish the membership prices. Plaintiffs strongly

11  disagree and maintain that a fact-finder would find for them at trial and conclude that Arcis

12  should have provided members with notice that it intended to add a non-refundable

13  membership and the opportunity to vote. But if a fact-finder instead agreed with Arcis's

14  interpretation of the Rules, Plaintiffs' breach of contact claim would fail.

15        27.     Arcis also argued that even if it should have provided notice and put the

16  amendment to a membership vote, Plaintiffs did not suffer any damages because there was no

17  right to demand that Arcis use proceeds from the sale of non-refundable memberships to pay

18  refunds. Plaintiffs disagree with Arcis's interpretation of the Rules. However, the legal

19  outcome was uncertain. While the Court ultimately denied Arcis's argument that Plaintiffs'

20  breach of contract claim should be dismissed, the Court seemed initially to agree with Arcis

21  that refunds need not be paid from the sale of non-refundable memberships. See ECF No. 26 at

22  9:2-8 ("Plaintiffs do not acknowledge, however, that the Rules in existence prior to 2013

23  entitled resigning members to receive refunds after the third sale/reissuance of a membership in

24  the same category as the membership to be refunded …. Plaintiffs never held Non-Refundable

25  memberships, and therefore would not have been entitled to a refund after the sale of such

26  memberships under the Rules they claim govern their refunds."). If the Court concluded on

27

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 12
CASE No. 2:17-CV-01932-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  summary judgment that Arcis's interpretation was correct, Plaintiffs would have only a *de*
2  *minimis* claim for damages.

3      28.     In addition, substantial work remains absent settlement, including formal
4  discovery, depositions, Plaintiffs' motion for class certification, and if successful, motions to
5  decertify and for summary judgment.

6      29.     Arcis insists that this action is not suitable for class treatment and planned to
7  resist Plaintiffs' attempt to certify a class.

8      30.     Further litigation would be expensive, complex, lengthy, and would almost
9  certainly yield lesser relief for the Settlement Class. In contrast, the Settlement provides prompt
10  and certain relief for Settlement Class Members.

11      31.     TMLG has received no payment for their fees or costs. TMLG has worked with
12  no guarantee of being compensated for its time and efforts. Payment of TMLG's fees has
13  always been contingent on successfully obtaining relief for Plaintiffs and proposed class
14  members. Thirty days before the deadline for Settlement Class Members to object, we will file
15  a motion with the Court requesting an award of fees and costs of $59,000, to compensate
16  TMLG for the work performed in the case and the risk we undertook in taking on the
17  representation on a contingent basis.

18      32.     TMLG has devoted hundreds of hours to this case, and our lodestar already well
19  exceeds $59,000. There is no arrangement in which Arcis has agreed not to object to TMLG's
20  fee request. And no amount of unclaimed fees will revert to Arcis.

21      33.     When we file our motion for attorneys' fees, we will provide the Court with
22  detailed contemporaneous time records, hourly rates, and lodestar. We will also discuss the
23  reasonableness of TMLG's requested fee under a percentage-of-the fund cross check.

24      34.     TMLG has also incurred approximately $9,000 in out-of-pocket costs, $8,000 of
25  which was paid to mediator, James Smith, whose experience and efforts were instrumental to

26

27

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 13
CASE NO. 2:17-CV-01932-RSM

1  the parties reaching the Settlement. We will provide the Court with detailed information about

2  these costs in our motion for attorneys' fees and costs.

3  **Website and Toll-Free Number**

4  35.   TMLG will establish a website with information about the Settlement, including

5  a copy of the Settlement Agreement, the operative Complaint, documents related to Arcis's

6  Motion to Dismiss, and the Order Granting in Part and Denying in Part Arcis's motion, and

7  Plaintiffs' Motion for Award of Fees and Costs.

8  36.   TMLG will also create a toll-free telephone number that Settlement Class

9  Members may call to determine their position on the Refund List. Settlement Class Members

10 may also call the Club directly to determine their place on the Refund List.

11 I declare under penalty of perjury under the laws of the United States of America that

12 the foregoing is true and correct.

13 EXECUTED this 16th day of August, 2019, at Seattle, Washington.

14

15    /s/ Beth E. Terrell, WSBA #26759

16    Beth E. Terrell, WSBA #26759

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 14
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Beth E. Terrell, hereby certify that on August 16, 2019, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

6

Stephen M. Rummage, WSBA #11168
Email: steverummage@dwt.com

7

Rebecca J. Francis, WSBA #41196
Email: rebeccafrancis@dwt.com
DAVIS WRIGHT TREMAINE LLP

8

920 Fifth Avenue, Suite 3300

9

Seattle Washington 98104-1610
Telephone: (206) 622-3150

10

Facsimile: (206) 757-7700

11

*Attorneys for Arcis Defendants*

12

DATED this 16th day of August, 2019.

13

TERRELL MARSHALL LAW GROUP PLLC

14

By:  /s/ Beth E. Terrell, WSBA #26759

15

Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

16

936 North 34th Street, Suite 300
Seattle, Washington 98103

17

Telephone: (206) 816-6603
Facsimile: (206) 319-5450

18

19

*Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

DECLARATION OF BETH E. TERRELL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 15
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

— **EXHIBIT  A** —

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS AGREEMENT is entered into as of July __, 2019, between Defendants CF Arcis VII LLC dba The Club at Snoqualmie Ridge, CF Arcis IV Holdings, LLC, and Arcis Equity Partners, LLC (collectively, "Defendants" or "Arcis"), on the one hand, and Plaintiffs Clyde Stephen Lewis, James Presti, and Michael Ralls (collectively, "Plaintiffs"), individually and as representatives of the Plaintiff Settlement Class, defined below, on the other hand.

## RECITALS

A.      On December 8, 2017, Plaintiffs filed a Class Action Complaint in King County Superior Court, under the caption *Hart et al. v. CF Arcis VII LLC d/b/a The Club at Snoqualmie Ridge et al.*, No. 17-2-31743-8 SEA.  On December 28, 2017, Arcis timely removed the Complaint to the United States District Court for the Western District of Washington, under the caption *Hart et al. v. CF Arcis VII LLC d/b/a The Club at Snoqualmie Ridge et al.*, No. C17-01932 RSM (the "Action").  On April 9, 2018, Plaintiffs amended the Class Action Complaint, alleging that Arcis improperly revised the June 30, 2008, Membership and Operating Policies and Membership Agreements governing their memberships in The Club at Snoqualmie Ridge ("the Club"), breached their agreements with the Club, violated Washington's Consumer Protection Act ("CPA"), and committed conversion.

B.      After briefing on Arcis's Motion to Dismiss, the Court dismissed Plaintiffs' CPA and conversion claims, as well as all claims against the individually named defendants Blake S. Walker and Jane Doe Walker.  *See Hart et al. v. CF Arcis VII LLC d/b/a The Club at Snoqualmie Ridge et al.*, No. C17-1932 RSM (W.D. Wash. Aug. 2, 2018) [Dkt. 26].  The Court denied Arcis's Motion to Dismiss as to Plaintiffs' breach of contract claim.

C.      Arcis denies the material allegations in the Action and denies all liability with respect to the facts and claims alleged in the Action.  Arcis also denies that the Action is suitable for class treatment.  Nevertheless, without admitting or conceding liability, and while continuing to deny that the claims asserted in the Action would be appropriate for class treatment if prosecuted at trial, Arcis now desires to settle the Action on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing litigation, and to put to rest all claims that were, or could have been, brought in the Action or in similar litigation based on the facts alleged in the Action.

D.      Class Counsel, as defined below, have analyzed and evaluated the merits of all parties' contentions and the impact of this Agreement on the members of the Plaintiff Settlement Class, as defined below.  Based on that analysis and evaluation, and recognizing the risks of continued litigation and the likelihood that the Action, if not settled now, may be protracted and will further delay any relief to the proposed class, the Representative Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action now and on the terms described here is in the best interests of the Plaintiff Settlement Class.

NOW, THEREFORE, in consideration of the covenants and agreements set forth in this Agreement, the Representative Plaintiffs, the Plaintiff Settlement Class, and Arcis, for

themselves and through their undersigned counsel, agree to the following settlement, subject to Court approval, under the following terms and conditions.

## I.    DEFINITIONS

**1.01**    "Active Golf Members" means, for purposes of Section 5.01, active Premier Family Golf, Ridge Family Golf, Individual Golf, Premier Corporate Golf, Ridge Corporate Golf and Corporate Golf Members (as those terms have been used by the Club) in good standing.

**1.02**    "Class Counsel" means Terrell Marshall Law Group PLLC.

**1.03**    "Distribution Amount" means the Settlement Fund of $240,000, to be distributed as follows:

      (a)    Immediate Refunds to eight (8) individuals on the Refund List, as set forth in Paragraphs 2.01 and 4.02.

      (b)    Plaintiffs will seek Court approval of $59,000 to be paid from the Distribution Amount for attorneys' fees and costs.

**1.04**    "Final Approval" means that all of the following have occurred:

      (a)    The Court has entered the Settlement Order and Final Judgment;

      (b)    The Court has made its final award of attorneys' fees and costs; and

      (c)    Thirty-one (31) days have passed after entry of the Settlement Order and Final Judgment without any appeals being taken, or, if appeals or requests for review have been taken, the time has passed for seeking further review after orders affirming the Settlement Order and Judgment or review has been denied after exhaustion of all appellate remedies.

**1.05**    "Future Refunds" means refunds made to Class Members after the Immediate Refunds.

**1.06**    "Immediate Refunds" means refunds made to the first eight (8) individuals on the Refund List who accept the refunds set forth in Paragraph 1.03(a), above, and according to the terms in Paragraphs 2.01 and 4.02, *infra*.

**1.07**    "Net Membership Fees" means all money received from the sale of refundable and non-refundable individual (as distinct from corporate) golf memberships, whether such payments correspond with a current sale or have been made as a result of a prior membership sale pursuant to financing or other payment arrangements, but specifically excluding any monthly dues or fees paid by members.  For the avoidance of doubt, Net Membership Fees will be calculated based on cash receipts.

**1.08**    "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Class Member must serve written objections, if any, to the

Settlement.  The Objection Deadline shall be ninety (90) days from the date when Arcis completes the transmission of Class Notice.

      **1.09**    "Opt Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Class Member must serve a written request for exclusion from the Class.  The Opt Out Deadline shall be ninety (90) days from the date when Arcis completes the transmission of Class Notice.

      **1.10**    "Parties" means the Representative Plaintiffs, the Plaintiff Settlement Class, and Defendants.

      **1.11**    "Plaintiff Settlement Class" means all persons who prior to preliminary approval purchased refundable Individual Golf Memberships with the Club, as that membership is defined in the June 30, 2008 Membership and Operating Policies, but who have not yet received refunds.

      **1.12**    "Plaintiff Class Members" or "Class Members" shall refer to any members of the Plaintiff Settlement Class.

      **1.13**    "Plaintiffs" means Representative Plaintiffs and Plaintiff Class Members.

      **1.14**    "Preliminary Approval" means that the Court has entered an order substantially in the form of Exhibit A, preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Plaintiff Settlement Class.

      **1.15**    "Refund List" means the list of individuals who have resigned their Individual Golf Memberships but have not yet received a refund.

      **1.16**    "Released Claims" means any and all claims, rights (including rights to restitution or reimbursement), demands, actions, causes of action, suits, matters, issues, debts, liens, damages, attorneys' fees, obligations, contracts, liabilities, agreements, costs, expenses or losses of any nature, whether known or unknown, direct or indirect, matured or unmatured, contingent or absolute, existing or potential, suspected or unsuspected, equitable or legal, and whether under federal statutory law, federal common law or federal regulation, or the statutes, constitutions, regulations, ordinances, common law, or any other law of any and all states or subdivisions, parishes or municipalities, that have been, or could have been, brought in the Action, including the claim that Arcis unlawfully introduced non-refundable memberships and materially limited the frequency with which members with refundable memberships could receive refunds without the required notice or membership approval, as well as any other claims arising out of or relating in any way to changes made to the June 30, 2008 Membership and Operating Policies.

      **1.17**    "Released Parties" means Arcis and its affiliates, parent(s), direct and indirect subsidiaries, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, employees, agents, servants, managers, accountants, attorneys, advisors, shareholders, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf.  For the avoidance of doubt, the term "Released Parties" includes Columbia Hospitality, Inc., the current manager of the Club.

**1.18** "Representative Plaintiffs" means Clyde Stephen Lewis, James Presti, and Michael Ralls.

**1.19** "Settlement Order and Final Judgment" means an order and judgment substantially in the form of Exhibit C to this Agreement, entered by the Court approving this Agreement as final and binding on the Parties.

**1.20** The plural of any defined term includes the singular and the singular of any defined term includes the plural, as the case may be.

## II.   GENERAL TERMS OF SETTLEMENT

**2.01   Settlement Payment.**  Arcis's sole payment obligation under this Agreement shall be to pay the Distribution Amount, which shall be payable in the manner and at the time described more fully below.  The Distribution Amount shall be used for the following purposes:

(a)     Immediate Refunds to eight Class Members in the following amounts: (1) $24,375; (2) $23,875; (3) $23,375; (4) $22,875; (5) $22,375; (6) $21,875; (7) $21,375; and (8) $20,875, in the manner set forth in Paragraph 4.02, below.

(b)     Payment to Class Counsel, which shall apply to the Court for an award of attorneys' fees, costs, and expenses in a total amount not to exceed Fifty-Nine Thousand Dollars ($59,000.00) (the "Fee Amount").

**2.02   Costs of Settlement Administration.**  Arcis shall bear the cost of providing notice to the Plaintiff Settlement Class of the pendency of the Action and the proposed settlement, in the manner described more fully below.  In addition, Arcis shall bear the cost of administering this Agreement and making the payments and distributions required under this Agreement, provided, however, that Class Counsel shall be responsible for all costs associated with the distribution of the eight refunds as described in Paragraphs 2.01 and 4.02.  Arcis shall have the right (but not the obligation) to appoint a third-party administrator, at its sole expense, to mail and publish notice.

## III.   SETTLEMENT APPROVAL AND NOTICE

**3.01   Preliminary Approval.**  Within thirty (30) days of the execution of this Agreement, Representative Plaintiffs will move for an order in the form of Exhibit A, which, *inter alia*, certifies the Plaintiff Settlement Class for settlement purposes only, appoints Representative Plaintiffs as the representatives of the Plaintiff Settlement Class, appoints Class Counsel as counsel for the Plaintiff Settlement Class, grants the Court's Preliminary Approval of this Agreement, approves notice substantially in the form of Exhibit B to the Plaintiff Settlement Class of the class action status and settlement of the Action, and sets a hearing date to consider objections, if any, to the settlement and to enter the Settlement Order and Final Judgment.

**3.02   Limited Effect of Settlement Class.**  The certification of the Plaintiff Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement.  Accordingly, if the Agreement terminates or is nullified, the provisional class certification provided for in Exhibit A shall be

vacated by its terms and the Action shall revert to the status that existed before execution of this Agreement. Thereafter, Representative Plaintiffs shall be free to pursue any claims available to them, and Arcis shall be free to assert any defenses available to it, including (but not limited to) denying the suitability of this case for class treatment. Nothing in this Agreement shall be argued or deemed to estop any party from the assertion of such claims and defenses.

**3.03    Class Notice.** The Parties will request that the Preliminary Approval Order direct that, within thirty-five (35) days after entry of the Preliminary Approval Order, Arcis shall provide notice of the proposed settlement in the form approved by the Court. Arcis shall transmit notice to all members of the class by email, if available, or by U.S. mail.

**3.04    Submission of Exclusion Requests or Objections.** The re-mailing of notice shall not extend the Objection or Opt Out Deadlines, which are measured from the date when Arcis completes its initial transmission of notice. Except as provided in this Agreement, Arcis is not required to provide any further mailed notice.

**3.05    Entry of Final Judgment.** Within twenty (20) days of the expiration of the Opt-Out Period set forth in Paragraph 3.04, the Parties will request that the Court in the Action: (a) grant final approval to the settlement, and (b) enter judgment in accordance with this Agreement, in the form of Exhibit C, approving the Agreement as final, fair, reasonable, adequate, and binding on all Plaintiff Class Members who have not excluded themselves, ordering that refunds to the first eight (8) individuals on the Refund List be paid as set forth below, ordering that attorney's fees be paid in the amount approved by the Court, dismissing the Action with prejudice, and barring Plaintiff Class Members from bringing the Released Claims against the Released Parties.

**3.06    Termination Based on Exclusion Requests.** The class notice shall direct that exclusion requests, if any, must be in writing and returned to Class Counsel. As Class Counsel receive exclusion requests, they will provide copies to counsel for Arcis on a regular basis, as requested by Arcis. Arcis, in its sole and absolute discretion, may elect to terminate this Agreement if exclusion requests as provided in the Preliminary Approval Order exceed 10 percent (10%) or more of Class Members. Arcis may terminate under this paragraph by serving a written notice of termination on the Court and Class Counsel, by hand delivery or certified mail, such that the notice is delivered or postmarked no later than fifteen (15) days after Class Counsel notify Arcis in writing of the total number of exclusion requests received upon expiration of the period for returning exclusion requests pursuant to Paragraph 3.04.

**3.07    CAFA Notice.** Within ten (10) days after the filing of the Motion for Preliminary Approval, Arcis shall notify the appropriate state and federal officials of the proposed settlement in accordance with 28 U.S.C. § 1715. In connection with final approval proceedings, Arcis shall file a declaration establishing that CAFA notice was timely provided.

## IV.    DISTRIBUTION OF PAYMENTS

**4.01    Payment of Distribution Amount.** Within thirty (30) days of Final Approval, Arcis will pay the Distribution Amount to Class Counsel. Payment shall be made to the IOLTA Trust Account of Terrell Marshall Law Group PLLC.

**4.02    Distribution of Refunds from Distribution Amount.**  Within thirty (30) days of Final Approval, Class Counsel shall begin the process for paying the amounts set forth in Paragraph 2.01(a) to the first eight (8) individuals on the Refund List who accept the refunds. Class Counsel will offer the first refund to the Class Member then at the top of the Refund List. If that Class Member declines the refund, the refund will be offered to the next Class Member on the list, and so on, until a Class Member on the Refund List accepts that first refund.  The second through eighth refunds will be offered in turn to Class Members in the same fashion, until all eight refunds have been accepted.  Arcis shall not have any responsibility or liability for Class Counsel's designation of Class Members receiving these refunds or for any failure of Class Counsel to deliver any refund to the eight (8) Class Members so designated.  Arcis's obligations with respect to any refunds to these eight (8) individuals shall be fully and forever discharged upon its payment of the Distribution Amount to Class Counsel.

**4.03    Retention of Fee Amount**.  Class Counsel may retain a Fee Amount up to $59,000 from the Distribution Amount, if approved by the Court.

**V.    FUTURE REFUNDS**

**5.01    Future Refunds.**  Arcis shall make future refunds to Class Members who did not receive Immediate Refunds pursuant to Paragraphs 2.01 and 4.02, *supra*, as follows:

        (a)    As long as the Club has fewer than 420 Active Golf Members, a Class Member at the top of the Refund List will be entitled to a refund equal to 70% of the then-current price of a refundable membership once the Club has collected Net Membership Fees equal to three times the refund amount.

        (b)    After and as long as the Club has 420 or more Active Golf Members, the Class Member at the top of the Refund List will be entitled to a refund equal to 85% of the then-current price of a refundable membership once the Club has collected Net Membership Fees equal to one-and-a-half (1.5) times the refund amount.

        (c)    Arcis will never sell refundable memberships at a price that is less than 150% of the then-current published price for non-refundable memberships.

        (d)    Notwithstanding the foregoing, Arcis shall pay a minimum of four (4) refunds per year in each calendar year of 2020, 2021, and 2022, without regard to the Net Membership Fees collected in those three (3) years.

**5.02    Reports on Future Refunds.**  For seven (7) years from June 20, 2019, Arcis shall prepare and furnish to Class Members, on a semi-annual basis, statements detailing the Net Membership Fees Arcis has received and the number and amount of refunds made in the previous year.  Arcis shall send the statements by email, if available, or by U.S. mail to all Class Members who have not yet received a refund.  Thereafter, Arcis shall provide this information to Class Members only upon request.  The statements sent for year seven (7), i.e., the last year when Arcis must provide notice, shall state that after year seven (7), Arcis will send statements only to those Class Members who request them.  Arcis shall provide suitable instructions to the Class Members for requesting such information from Arcis.

## VI.    RELEASES

**6.01    Sole and Exclusive Remedy.**  Subject to Paragraph 8.01, this settlement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties, and each Plaintiff Class Member shall be barred from initiating, asserting, or prosecuting Released Claims or any claims released by operation of this Agreement.

**6.02    Releases.**  Effective upon Final Approval, Representative Plaintiffs, for themselves and as representatives of the Plaintiff Settlement Class, and on behalf of each Plaintiff Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally and forever irrevocably releases, relinquishes and forever discharges with prejudice all Released Claims against the Released Parties.  In addition, consistent with existing practice, all recipients of refunds shall, at the time of payment, execute a brief release acknowledging receipt of the refund and releasing claims against the Club.

## VII.    CONFIRMATORY DISCOVERY

**7.01    Confirmatory Information.**  In advance of Class Counsel's filing of the Motion for Preliminary Approval, Arcis will provide to Class Counsel a declaration under penalty of perjury describing how it calculated the data provided to Class Counsel regarding the sale of golf memberships and refunds made since Arcis's 2013 purchase of the Club.

## VIII.    MISCELLANEOUS PROVISIONS

**8.01    Purpose of Agreement.**  This Agreement is governed by the terms of Federal Rule of Evidence 408 and is for settlement purposes only, and neither the fact of, nor any provision contained in this Agreement or its attachments, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim, defense or any fact alleged by any of the Parties in the Action or in any other pending or subsequently filed action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any party or admission by any party of any claim, defense or allegation made in the Action or any other action, nor as an admission by any of the Representative Plaintiffs, Plaintiff Class Members, or Class Counsel of the validity of any fact or defense asserted against them in the Action or any action.  If the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties, decline to enter the Settlement Order and Judgment in the form of Exhibit C, or impose any condition to approval of the settlement to which the Parties do not consent, or if the Settlement Order and Judgment is reversed or rendered void, then (a) this Agreement shall be considered null and void, (b) neither this Agreement nor any of the related negotiations shall be of any force or effect, and (c) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.  Invalidation of any portion of this Agreement shall invalidate this Agreement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.  Upon nullification of this Agreement, Representative Plaintiffs and the Classes certified prior to this Agreement shall be free to pursue any claims available to them, and Arcis shall be free to assert any defenses available to it, including (but not limited to) denying the suitability of this case for class treatment.

**8.02    Cooperation.**  The Parties' counsel shall use their best efforts to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, to obtain Final Approval of this Agreement, to defend the Settlement Order and Final Judgment through all stages of any appeals that may be taken, to give Arcis full and final peace from further prosecution of the Released Claims, and to give the Class Members the benefits they enjoy hereunder.

**8.03    Governing Law.**  This Agreement is intended to and shall be governed by the laws of the State of Washington, without regard to its rules regarding conflict of laws.

**8.04    Entire Agreement.**  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, whether oral or in writing, express or implied, and may not be contradicted by evidence of any prior or contemporaneous agreement.  Any modification of the Agreement must be in writing signed by Representative Plaintiffs and Arcis.

**8.05    Construction of Agreement.**  The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after extensive negotiation, with consideration by and participation of counsel for all Parties.  The Agreement shall be construed according to the fair intent of the language taken as a whole, and not for or against either party.

**8.06    Public Statements.**  The Parties and their respective counsel shall not affirmatively seek media attention for this settlement, but may respond to inquiries from members of the media who previously have inquired about the Action.  If contacted by the media, the Parties, Class Counsel, and counsel for Arcis may provide representatives of the media with copies of any non-confidential document filed with the Court, including but not limited to this Settlement Agreement and the Exhibits hereto.  Class Counsel shall inform counsel for Arcis promptly of any media inquiry concerning this settlement and, upon request, shall advise counsel for Arcis of any documents provided to any media representative in response to any inquiry concerning this settlement.

**8.07    Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors, and assigns, and will survive the sale or transfer of the Club and/or Club assets, including the Refund List.

**8.08    Waiver.**  The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

**8.09    Effectiveness of Agreement; Counterparts.**  This Agreement shall become effective upon its execution by all of the persons for whom signature spaces have been provided below.  The Parties and their counsel may execute this Agreement in counterparts (any one or all of which may be facsimile or email copies), and execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

**8.10    Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement.  Before the date of Final Approval, any dispute involving the terms of this Agreement shall be resolved exclusively by

James A. Smith Jr., Smith & Hennessy PLLC. After the date of Final Approval, any dispute involving the foregoing shall be resolved exclusively by the Court. The Parties agree that Mr. Smith's decision concerning the interpretation, effectuation, and implementation of this Agreement shall be final, binding, and not appealable.

**8.11     Authority.** Each individual signing this Agreement warrants that he or she has the authority to enter into this Agreement on behalf of the party for which that individual signs.

**8.12     Assignment; Third Party Beneficiaries.** None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any member of the Plaintiff Settlement Class without the express written consent of the other Parties. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties, and shall not be construed to confer any right or to afford any remedy to any other person.

**8.13     Communications.** Any communications to the Parties relating to this Agreement shall be sent to:

> Adrienne D. McEntee (for Plaintiffs and the Class)
> Beth E. Terrell
> Terrell Marshall Law Group PLLC
> 936 N. 34th St., Ste. 300
> Seattle, WA 98103
> Telephone: (202) 816-6603

> Stephen M. Rummage (for Arcis)
> Rebecca J. Francis
> Davis Wright Tremaine LLP
> 920 Fifth Ave., Ste. 3300
> Seattle, WA 98104
> Telephone: (206) 757-8136

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATED: July 22, 2019                    By: _____
                                            Clyde Stephen Lewis
                                            Individually and as Representative of
                                            the Plaintiff Settlement Class

DATED: July ___, 2019                   By: _____
                                            James Presti
                                            Individually and as Representative of
                                            the Plaintiff Settlement Class

James A. Smith Jr., Smith & Hennessy PLLC. After the date of Final Approval, any dispute involving the foregoing shall be resolved exclusively by the Court. The Parties agree that Mr. Smith's decision concerning the interpretation, effectuation, and implementation of this Agreement shall be final, binding, and not appealable.

**8.11    Authority.** Each individual signing this Agreement warrants that he or she has the authority to enter into this Agreement on behalf of the party for which that individual signs.

**8.12    Assignment; Third Party Beneficiaries.** None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any member of the Plaintiff Settlement Class without the express written consent of the other Parties. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties, and shall not be construed to confer any right or to afford any remedy to any other person.

**8.13    Communications.** Any communications to the Parties relating to this Agreement shall be sent to:

Adrienne D. McEntee (for Plaintiffs and the Class)
Beth E. Terrell
Terrell Marshall Law Group PLLC
936 N. 34th St., Ste. 300
Seattle, WA 98103
Telephone: (202) 816-6603

Stephen M. Rummage (for Arcis)
Rebecca J. Francis
Davis Wright Tremaine LLP
920 Fifth Ave., Ste. 3300
Seattle, WA 98104
Telephone: (206) 757-8136

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATED: July ___, 2019          By:_____
                                   Clyde Stephen Lewis
                                   Individually and as Representative of
                                   the Plaintiff Settlement Class

DATED: July ___, 2019          By:_____
                                   James Presti
                                   Individually and as Representative of
                                   the Plaintiff Settlement Class

DATED:  July 22 , 2019                          By: *Mike Ralls*
                                                      Michael Ralls
                                                      Individually and as Representative of
                                                      the Plaintiff Settlement Class


                                                TERRELL MARSHALL LAW GROUP PLLC
                                                PLLC
                                                Attorneys for Plaintiffs


DATED:  July ___, 2019                          By:_____
                                                      Adrienne D. McEntee
                                                      Beth E. Terrell



                                                CF ARCIS VII LLC, dba THE CLUB AT
                                                SNOQUALMIE RIDGE, CF ARCIS IV
                                                HOLDINGS, LLC, ARCIS EQUITY PARTNERS,
                                                LLC

DATED:  July ___, 2019                          By:_____
                                                      Its:_____

DATED:  July ___, 2019                    By:_____
                                                Michael Ralls
                                                Individually and as Representative of
                                                the Plaintiff Settlement Class


                                          TERRELL MARSHALL LAW GROUP PLLC
                                          PLLC
                                          Attorneys for Plaintiffs

DATED:  July **24**, 2019                 By:_____
                                                Adrienne D. McEntee
                                                Beth E. Terrell


                                          CF ARCIS VII LLC, dba THE CLUB AT
                                          SNOQUALMIE RIDGE, CF ARCIS IV
                                          HOLDINGS, LLC, ARCIS EQUITY PARTNERS,
                                          LLC

DATED:  July ___, 2019                    By:_____
                                                Its:_____

ly ___, 2019

By:_____

    Michael Ralls
    Individually and as Representative of
    the Plaintiff Settlement Class


TERRELL MARSHALL LAW GROUP PLLC
PLLC
Attorneys for Plaintiffs

July ___, 2019

By:_____

    Adrienne D. McEntee
    Beth E. Terrell


CF ARCIS VII LLC, dba THE CLUB AT
SNOQUALMIE RIDGE, CF ARCIS IV
HOLDINGS, LLC, ARCIS EQUITY PARTNERS,
LLC

): July ___, 2019

By:_____
    Its: Member

# Exhibit A

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLYDE STEPHEN LEWIS, JAMES PRESTI, and MICHAEL RALLS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CF ARCIS VII LLC d/b/a THE CLUB AT SNOQUALMIE RIDGE, d/b/a TPC AT SNOQUALMIE RIDGE, and d/b/a SNOQUALMIE RIDGE GOLF CLUB, CF ARCIS IV HOLDINGS, LLC, ARCIS EQUITY PARTNERS, LLC, and BRIGHTSTAR GOLF SNOQUALMIE, LLC,

Defendants.

No. C17-01932 RSM

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, AND APPROVING FORM AND MANNER OF NOTICE

Plaintiffs' unopposed Motion for Preliminary Approval of Proposed Class Action Settlement has come before this Court. The Court determines and orders as follows:

A.    Counsel have advised the Court that the parties have agreed, subject to approval of this Court following notice to the Class (as described in Paragraph 2, below) and a hearing, to settle this action on the terms and conditions set forth in the Settlement Agreement (the "Settlement Agreement"), which has been filed with the Court.

B.    The Court has reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Settlement Agreement are hereby

ORDER GRANTING PRELIM. APPROVAL - 1
4828-3337-6923v.2 0110754-000001

incorporated as though fully set forth in this Order, and capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

C.      The Court preliminarily approves the Settlement Agreement as being fair, reasonable, and adequate, and for purposes of settlement, certifies this case as a class action, , and authorizes notice to be transmitted to the Settlement Class. A final fairness hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on December _____, 2019, in the courtroom of the Honorable Ricardo S. Martinez at the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101.

Based on the foregoing, IT IS HEREBY ORDERED:

1.  ***Preliminary Approval of Proposed Settlement***.  The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that the Settlement Agreement resulted from extensive arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular, including a lengthy in-person mediation session and additional settlement negotiations under the auspices of James A. Smith Jr., of Smith & Hennessy PLLC, an experienced mediator.

2.  ***Class Certification for Settlement Purposes***.  Pursuant to Rule 23(b)(3) and for the reasons stated in Plaintiffs' Motion for Preliminary Approval, the Court, for settlement purposes, conditionally certifies the following class (the "Class"):

> All persons who, prior to entry of this Order, purchased refundable Individual Golf Memberships with the Club, as that membership is defined in the June 30, 2008 Membership and Operating Policies, but who have not yet received a refund.

(a)  The Class is sufficiently numerous to meet the requirements of Rule 23(a)(1). The Class includes in excess of 250 people, and joinder of all such persons would be impracticable. *See* Fed. R. Civ. P. 23(a)(1).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(b)  The case presents common issues of law and fact for the Class. *See* Fed. R. Civ. P. 23(a)(2). The commonality requirement is satisfied because there are questions of law and fact common to the Class that center on whether Arcis breached a uniform membership and operating policy, whether the Class is entitled to damages and injunctive relief as a result. Further, the question of the fairness and reasonableness of the Settlement Agreement presents an issue common to the class.

(c) Rule 23(a)(3) is satisfied because the claims of the named Plaintiffs are typical of the claims of the other Class Members, which are being resolved through the Settlement Agreement.

(d) Rule 23(a)(4) is satisfied because Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Class, and because Plaintiffs are represented by qualified and competent counsel who have extensive experience and expertise in prosecuting class actions.

(e)  In addition, the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance requirement is satisfied for purposes of settlement because the common and overarching question in this case is whether Arcis breached its contract with the Class, entitling Class Members to damages and injunctive relief. In addition, the resolution of hundreds of claims through the Settlement Agreement would be superior to individual lawsuits and promote consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3).

(f)  The Court appoints named plaintiffs Clyde Stephen Lewis, James Presti, and Michael Ralls as Class Representatives.

3.  ***Class Counsel***.  The Court appoints Terrell Marshall Law Group PLLC as Class Counsel.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4. *Settlement Hearing*.  A final approval hearing (the "Settlement Hearing") shall be held before this Court on [December_____, 2019], at _____ a.m., as set forth in the Notice, to determine whether the Settlement Agreement is fair, reasonable, and adequate, and should be approved. Papers in support of final approval of the Settlement Agreement and plaintiffs' counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 9 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Settlement Agreement (the "Final Judgment") that will adjudicate the rights of the Class Members with respect to the claims being settled.

5. *Notice*.  Arcis shall comply with the notice requirements of Paragraph 3.03 of the Settlement Agreement. In compliance with that Paragraph, within thirty-five (35) days of entry of this Order, Arcis shall cause a Notice of Pendency of Class Action and Proposed Settlement ("Notice") to be emailed, if an email address is available, or mailed by U.S. mail to the Class Members at their most recent addresses appearing in the records of Arcis. The Notice shall be substantially in the form attached to Exhibit B to the Settlement Agreement and will include contact information for Class Counsel. Class Counsel shall also maintain a website for Class Members containing copies of the Notice and other information about the case.

6. *Sufficiency of Notice*.  The Court finds that the Notice and the manner of its dissemination described in the previous Paragraph and in Paragraph 3.03 of the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this action and their right to object to or exclude themselves from the Class. The Court further finds that the Notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7. ***Exclusion from Class***.  Each Class Member who wishes to exclude himself or herself from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may mail a written request for exclusion, in the form specified in the Notice, to Class Counsel at the address set forth in the Notice. All such written requests must be postmarked by [_____, 2019]. All persons who properly make requests for exclusion from the Class shall not be Class Members and shall have no rights with respect to, nor be bound by, the Settlement Agreement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

8. ***Objections***.  Class Members who have not timely submitted a written request for exclusion and who wish to object to the Settlement must submit any objections in writing to the Clerk of the Court, with copies to Class Counsel and Arcis's counsel, as set forth here and in the Notice, so that objections or comments are received no later than **[_____].**

(a) Objections or comments must include:  the name and number of the case; the Class Member's name, address, and telephone number; a statement of the Class Member's position on the Settlement and the reasons for that position; and the signature of the Class Member. Any objection or comment must also include copies of any documents the Class Member wishes the Court to consider.

(b)  If a Class Member wishes to appear and speak at the Settlement Hearing, the Class Member must submit objections or comments and must include a statement of the Class Member's intent to appear and speak, and set forth the position to be presented at the hearing.

(c)  If a Class Member wishes a lawyer to appear and speak at the hearing on the Class Member's behalf, the Class member must state in the written objections or comments that the Class Member intends to have a lawyer appear and speak for the Class Member, and list the name, address, and telephone number of the lawyer.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(d) Any responses to objections to the Settlement Agreement or the fee request, and any further papers in support of the fee request, shall be filed with the Court on or before [_____, 2019].

Any objection that is not timely made under this Paragraph shall be forever barred.

9. ***Dates of Performance***.  In summary, the dates of performance are as follows:

(a) Arcis shall complete transmission of the Notice to potential Class Members on or before [_____, 2019], as provided in Paragraph 3.03 of the Settlement Agreement, within thirty-five (35) days of entry of this Order;

(b) Class Counsel shall file their papers in support of the Fee Application by [_____, 2019], i.e., sixty (60) days after the deadline for completing transmission of Notice;

(c) Class Members who desire to be excluded shall mail requests for exclusion postmarked by [_____, 2019], i.e., ninety (90) days after the deadline for completing transmission of Notice;

(d) All objections to the Settlement Agreement or Fee Application shall be filed and served by [_____, 2019], i.e., ninety (90) days after the deadline for completing transmission of Notice;

(e) Plaintiffs' motion for final approval, and papers in response to objections or comments, if any, shall be filed by [_____, 2019], i.e., fourteen (14) days after the deadline to object; and

(f) The Settlement Hearing shall be held on [_____, 2019, at _____ a.m.], i.e. no earlier than 139 days after the date of this Order.

10. ***Discretion of Counsel.***  Counsel are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including without further approval of the Court, making minor changes to the content of the Notice that they jointly deem reasonable or necessary.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    IT IS SO ORDERED.

2    Dated this _____ day of _____, 2019.

3

4                                     _____
                                      THE HONORABLE RICARDO S. MARTINEZ
5                                     UNITED STATES DISTRICT JUDGE

6    Presented by:

7    TERRELL MARSHALL LAW GROUP PLLC
     *Attorneys for Plaintiffs*
8

9    By:    s/ *Adrienne D. McEntee*            .
         Adrienne D. McEntee
10       Beth E. Terrell
         Terrell Marshall Law Group PLLC
11       936 N. 34th St., Ste. 300
         Seattle, WA 98103
12       Telephone:  (202) 816-6603

13

14
     DAVIS WRIGHT TREMAINE LLP
15   *Attorneys for Defendants*

16   By:    s/ *Stephen M. Rummage*            .
         Stephen M. Rummage, WSBA #11168
17       Rebecca J. Francis, WSBA #41169
         920 5th Ave, Suite 3300
18       Seattle, Washington  98104
         Tel: (206) 622-3150
19       Fax: (206) 757-7700
         E-mail: steverummage@dwt.com
20               rebeccafrancis@dwt.com

21

22

23

24

25

26

27

# Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If you purchased a Refundable Individual Golf Membership at The Club at Snoqualmie Ridge and have not yet received a refund, your rights may be affected by this proposed class action settlement.**

*The Court authorized this notice. It is not a solicitation from a lawyer.*

**Your legal rights may be affected whether or not you act.
Please read this notice carefully.**

| Your Legal Rights and Options in this Proposed Settlement | |
|---|---|
| **OBTAIN A REFUND** | If the Court approves the settlement, you may be entitled to an immediate refund of a portion of the initiation fees you paid The Club, depending on your place on the refund list. The settlement also sets a procedure for future refunds. See question 6 below. |
| **EXCLUDE YOURSELF** | You may exclude yourself from the class. This is the only option that allows you to bring your own lawsuit about the issues being settled, but you won't get the benefits of this settlement. See question 9 below. |
| **OBJECT TO THE SETTLEMENT** | You may remain part of the class, but write to the Court to object to the proposed settlement. See question 10 below. |
| **ATTEND THE HEARING** | You may ask to speak in Court about the fairness of the proposed settlement. See question 11 below. |
| **DO NOTHING** | If you do nothing and the settlement is approved, you will give up the right to sue. See question 13 below. |

- This notice explains these rights and options, and the deadlines to exercise them.

- The Court still has to decide whether to approve the settlement. Some refunds will be made according to the terms of the settlement if the Court approves the settlement and after any appeals are resolved. The settlement also prescribes terms and conditions for future refunds.

| 1. | Why did I receive this notice? |
|---|---|

You received this notice because The Club's records show you bought a refundable individual golf membership and have not yet received a refund. The Court ordered this notice to be sent to you because you have a right to know about a proposed class action settlement that may affect you. This

**QUESTIONS? CALL 1-800-XXX-XXXX TOLL-FREE**

**Exhibit A-1**

notice explains the lawsuit, the settlement, who is covered by the settlement, your rights and options, the benefits available under the settlement, and how to obtain them.

| 2. | What is this lawsuit about? |
|---|---|

This settlement arises from a class action lawsuit brought by Clyde Stephen Lewis, James Presti, and Michael Ralls ("Plaintiffs"), all of whom purchased refundable individual memberships but have not yet received a refund. Plaintiffs allege that in 2013, Defendants CF Arcis VI LLC, CF Arcis IV Holdings, LLC, and Arcis Equity Partners, LLC ("Arcis"), which bought the Club in 2013, improperly revised the Club's June 30, 2008 Membership and Operating Policies, adversely affecting refund rights under those Policies and the Membership Agreements. Arcis acknowledges the Membership and Operating Policies were revised in 2013 by the prior owner of the Club, but denies the revisions were improper. Arcis also denies it committed any unlawful acts or violated any laws, and it contends it has made refunds consistent with the Policies.

The Court has not decided who is right and who is wrong.

| 3. | Why is there a settlement? |
|---|---|

This litigation has been pending since late 2017. In August 2018, the Court dismissed some of Plaintiffs' claims, including their claim under the Washington Consumer Protection Act. Plaintiffs and their attorneys have now concluded that the settlement is in the best interests of the class because it provides a recovery now while avoiding the risk, expense, uncertainty, and delay of pursuing the case through trial and any appeals. Arcis decided to settle to avoid the further expense, inconvenience, and risk of continued litigation.

| 4. | Who is included in the settlement? |
|---|---|

The settlement includes **all persons who purchased refundable Individual Golf Memberships with the Club prior to preliminary approval of this settlement, as that membership is defined in the June 30, 2008 Membership and Operating Policies, but who have not yet received refunds.**

| 5. | What does the settlement provide? |
|---|---|

<u>**If the Settlement is Approved**</u>:

- **Arcis will make a total payment of $240,000**. This money will be used to pay eight immediate refunds, as explained below. It will also reimburse the lawyers for the class ("Class Counsel") for a portion of the fees and expenses incurred during litigation.

- **From the money Arcis will pay under the settlement, Class Counsel will make immediate refunds to eight class members.** The amounts of the refunds and the method of designating recipients of the refunds are described below.

**QUESTIONS?  CALL 1-800-XXX-XXXX TOLL-FREE**

4812-8508-8667v.7 0110754-000001

- **Arcis will make changes to how it calculates and pays refunds going forward.** These changes are intended to expedite the pace of refunds while protecting class members against artificial reductions in the refund amount.

- **Arcis will pay litigation costs,** including the costs of giving notice to the class, administering the settlement, and a Court-approved award of attorneys' fees and expenses to Class Counsel up to the amounts identified under question __ below.

| 6. | How will refunds be made under the settlement? |
|---|---|

**Immediate refunds**.  If the Court approves the settlement, the money Arcis pays under the settlement will be used to pay eight refunds in the following amounts:  (1) $24,375; (2) $23,875; (3) $23,375; (4) $22,875; (5) $22,375; (6) $21,875; (7) $21,375; and (8) $20,875. The first refund will be offered to the class member at the top of the refund list; if that member declines the refund, it will be offered to the next person on the list, and so on, until an individual on the refund list accepts that first refund.  The second through eighth refunds will be offered in turn in the same way, until all eight refunds have been accepted. (By comparison, the current refund is $27,300, based on the $39,000 list price of refundable individual memberships.)

**Future refunds.**  Arcis will provide future refunds as follows:

(a)  As long as the Club has fewer than 420 active golf members, refunds will be 70% of the then-current price of a refundable membership. A refund will be made once the Club has collected cash from membership fees from the sale of both refundable and non-refundable memberships (not including any monthly dues or fees, or other Club charges) equal to three times the refund amount.

(b)  After and as long as the Club has 420 or more active golf members, refunds will be 85% of the then-current price of a refundable membership. A refund will be made once the Club has collected cash from membership fees equal to 1.5 times the refund amount.

(c)  Arcis agrees it will not sell refundable memberships at a price less than 150% of the then-current published price for nonrefundable memberships, thus protecting against artificial reduction of the refund amount.

(d)  Arcis will pay at least four refunds per year for each of the calendar years 2020, 2021, and 2022.

(e)  Arcis will provide class members notice by email (or by U.S. Mail if email is not available) on a semi-annual basis detailing the net membership fees received and number and amount of refunds made in the previous year. Arcis will provide this notice for seven years from June 20, 2019. Thereafter, Arcis will provide that information to class members on request.

| 7. | Who are the attorneys representing the class and how will they be paid? |
|---|---|

The Court has appointed the following attorneys and law firms to represent the class as legal counsel:

**QUESTIONS?  CALL 1-800-XXX-XXXX TOLL-FREE**

4812-8508-8667v.7 0110754-000001

Adrienne D. McEntee
Beth E. Terrell
Terrell Marshall Law Group PLLC
936 N. 34th St., Ste. 300
Seattle, WA 98103
Telephone:  (206) 816-6603

When they ask the Court to approve the settlement, Class Counsel will also apply to the Court for an award of attorneys' fees and reimbursement of expenses in the amount of $59,000.

Since the beginning of this litigation in December 2017, Class Counsel has pursued the case on behalf of class members purely on a contingent basis and received no compensation for their services or reimbursement of their expenses. Class Counsel are requesting the $59,000 award to compensate them for time and expenses incurred.

| | |
|---|---|
| **8.** | **What am I giving up if I stay in the class?** |

By staying in the class, you will give up any right you may have to pursue or be part of any other lawsuit against Arcis or its affiliates concerning the claim that Arcis unlawfully introduced non-refundable memberships and materially limited the frequency with which members with refundable memberships could receive refunds without the required notice or membership approval. The legal claims you will release are described more fully in Paragraph 1.16 of the Settlement Agreement, which you can obtain from the Settlement Website, located at https://. If the Court approves the settlement, you will also be bound by the Court's orders in this case, including the final judgment, which will dismiss all claims asserted on behalf of the class and order the parties to implement the settlement.

If you wish to keep your right to sue over the matters involved in this lawsuit, you must exclude yourself from the class.

| | |
|---|---|
| **9.** | **How can I exclude myself from the class and settlement?** |

If you wish to exclude yourself from the class and settlement, you must submit a written exclusion request. If you exclude yourself, you cannot obtain a refund under the settlement, you will not be bound by the final judgment, and you will retain the right to pursue your own lawsuit concerning the 2013 revisions to the Membership and Operating Policies or Arcis's method of calculating and paying refunds.

To request exclusion, you must write a letter or postcard that lists your name, address, and telephone number, and clearly states that you wish to be excluded from the class and settlement in *Lewis, et al. v. CF Arcis VII LLC d/b/a The Club at Snoqualmie Ridge et al.*, Case No. C17-01932 RSM.  You must sign the letter or postcard and send it to Class Counsel at Terrell Marshall Law Group PLLC, 936 N. 34th St., Ste. 300, Seattle, WA 98103, **postmarked by [DATE]** or, if delivered by a delivery service other than U.S. Mail, so that it is **received no later than [OBJECTION DEADLINE]**.

**QUESTIONS?  CALL 1-800-XXX-XXXX TOLL-FREE**

4812-8508-8667v.7 0110754-000001

| 10. | How can I tell the Court what I think about the settlement? |
|---|---|

Unless you exclude yourself as described under question 9, you remain a class member and may object to the settlement. You must submit any objections in writing. You must send the original of your objections to the Clerk of the Court and send copies to Class Counsel and Arcis's counsel, at the following addresses, so that your objections are **received no later than [OBJECTION DEADLINE]**:

> Clerk of the Court
> United States District Court
> Western District of Washington
> 700 Stewart Street, Suite 2310
> Seattle, WA 98101

> **Class Counsel:**
> Adrienne D. McEntee
> Beth E. Terrell
> Terrell Marshall Law Group PLLC
> 936 N. 34th St., Ste. 300
> Seattle, WA 98103
> Telephone:  (202) 816-6603

> **Arcis Counsel:**
> Stephen M. Rummage
> Rebecca J. Francis
> Davis Wright Tremaine LLP
> 920 Fifth Ave., Ste. 3300
> Seattle, WA 98104
> Telephone: (206) 757-8136

Your objections (a) must include a reference at the beginning to *Lewis, et al. v. CF Arcis VII LLC d/b/a The Club at Snoqualmie Ridge et al.*, Case No. C17-01932 RSM; (b) must list your name, address, and telephone number; (c) must be signed by you; and (d) must state your position and the reasons for your position. You must include copies of any documents you wish the Court to consider. If you do not present your views in writing in compliance with this procedure and deadline, your views will not be considered, and you will waive any objections you have.

As described below, the Court will hold a hearing to decide whether to approve the settlement. If you submit written objections or comments and wish to appear and speak at the hearing, your objections or comments must include a statement that you intend to appear and speak at the fairness hearing, set forth the position you intend to present at the hearing, and include copies of any documents you wish the Court to consider.

If you want your own lawyer to appear and speak at the hearing on your behalf, you must also state in your written objections or comments that you intend to have your lawyer appear and speak for you, and list the name, address, and telephone number of your lawyer.

**QUESTIONS?  CALL 1-800-XXX-XXXX TOLL-FREE**

4812-8508-8667v.7 0110754-000001

| 11. | When and where will the Court hold a hearing on the fairness of the settlement? |
| --- | --- |

This lawsuit is pending before the Honorable Ricardo S. Martinez of the United States District Court for the Western District of Washington. On _____, 2019, at ____ a.m./p.m., Judge Martinez will hold a hearing on the fairness of the settlement and whether it should be approved.  The hearing will be held in Courtroom _____ of the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101. At the hearing, Judge Martinez will also consider Class Counsel's application for attorneys' fees and expenses.

| 12. | Do I have to come to the hearing?  May I speak at the hearing? |
| --- | --- |

You are not required to attend the hearing to have the Court consider your written objections. You or your lawyer may attend the hearing if you wish, at your own expense.

If you wish to speak at the hearing, you must submit written comments or objections, including a statement that you intend to appear and speak at the hearing, in compliance with the procedures and deadline set forth under question 10 above.

| 13. | What happens if I do nothing at all? |
| --- | --- |

If the settlement is approved and you do nothing, you will still be part of the class, your legal claims will be released as described under question 8 above, and you will be prohibited from pursuing them.

| 14. | How do I get more information? |
| --- | --- |

This notice provides only a summary of information about the settlement. For more details, you may wish to review the Settlement Agreement and other documents, which you may obtain from the Settlement Website, located at https://. You can also get more information by calling Class Counsel toll free at 1-800-[_____]. The Settlement Agreement and all other pleadings and papers filed in the lawsuit are available for inspection and copying during regular business hours at the office of the Clerk of the Court, United States District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101.

You may contact Class Counsel to obtain information regarding your place on the Refund List. You may also obtain this information from the membership office at The Club at XXXXXXXXXX.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE CLUB, OR ARCIS
WITH QUESTIONS ABOUT THE SETTLEMENT.**

**QUESTIONS?  CALL 1-800-XXX-XXXX TOLL-FREE**

4812-8508-8667v.7 0110754-000001

# Exhibit C

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLYDE STEPHEN LEWIS, JAMES PRESTI,
and MICHAEL RALLS, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

CF ARCIS VII LLC d/b/a THE CLUB AT
SNOQUALMIE RIDGE, d/b/a TPC AT
SNOQUALMIE RIDGE, and d/b/a
SNOQUALMIE RIDGE GOLF CLUB, CF
ARCIS IV HOLDINGS, LLC, ARCIS EQUITY
PARTNERS, LLC, and BRIGHTSTAR GOLF
SNOQUALMIE, LLC,

Defendants.

No. C17-01932 RSM

[PROPOSED] SETTLEMENT
ORDER AND FINAL JUDGMENT

SETTLEMENT ORDER & FINAL JUDGMENT - 1
4826-1297-9099v.3 0110754-000001

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   THIS MATTER came before the Court on Plaintiffs' motion for final approval of a

2   proposed class action settlement and Class Counsel's motion for an award of fees and costs.

3   The Court has considered all papers filed and proceedings in this matter and is fully informed

4   regarding the facts surrounding the proposed Settlement. Based upon this information, the

5   Court approves the proposed Settlement as fair, reasonable and adequate.

6   The Court hereby enters this Final Judgment, which constitutes a final adjudication on

7   the merits of all claims of the Class in this matter. It is **HEREBY ORDERED** that the motions

8   are **GRANTED**, the Class is certified, the Settlement Agreement is finally approved, and Class

9   Counsel are awarded $_____ in fees and costs.

10   A.   On [DATE], this Court granted preliminary approval to the proposed class

11   action settlement between Plaintiffs and Defendants CF Arcis VII LLC dba The Club at

12   Snoqualmie Ridge, CF Arcis IV Holdings, LLC, and Arcis Equity Partners, LLC (collectively,

13   "Arcis"). *See* Dkt. __. The Settlement resolves all of the Class's claims against Arcis in

14   exchange for Arcis's agreement to provide an agreed number of immediate refunds upon

15   approval, to provide a minimum number of refunds for three years following January 1, 2020,

16   and to provide future refunds as set forth in the Agreement.

17   B.   Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the

18   Federal Rules of Civil Procedure, for an order finally approving the Agreement, which will

19   dismiss this Action with prejudice, and granting Class Counsel's request for an award of fees

20   and costs.

21   C.   The Court has reviewed and considered all papers filed in support of and in

22   opposition to the Settlement, and all exhibits thereto, and has held a hearing after notice to the

23   Settlement Class was sent in order to confirm that the Settlement is fair, reasonable, and

24   adequate, and to determine whether the Final Approval Order should be entered in this Action

25   pursuant to the terms and conditions set forth in the Agreement ("Settlement Hearing") on

26   _____, 2019, at which time the Parties and all interested persons were heard in support

27   of and in opposition to the Settlement.

SETTLEMENT ORDER & FINAL JUDGMENT - 2
4826-1297-9099v.3 0110754-000001

D.      Upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Class, within the authority of the Parties, and the result of extensive arm's-length negotiations.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Order as though fully set forth herein.

2.      This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Plaintiffs and all members of the Class.

3.      The Court approves the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate to the Class, within the authority of the parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4.      This Court confirms the proposed Class satisfies the requirements of Fed. R. Civ. P. 23, as preliminarily found in the Court's Order Granting Preliminary Approval of Class Settlement, Conditionally Certifying Settlement Class, and Approving Form and Manner of Notice ("Preliminary Approval Order"). Accordingly, this Court makes final the portion of its Preliminary Approval Order finding the requirements of Fed. R. Civ. P. 23 to be satisfied for settlement purposes.

5.      Certain members of the Class have timely requested to be excluded from the Class and the Settlement. Exhibit 1, attached hereto, lists the Class Members who timely requested exclusion from the Class. Accordingly, this Order shall not bind or affect Class Members listed on Exhibit 1.

6.      There were _____ objections to the Settlement. After due consideration of all points made in all timely objections, the Court overrules them.

7.      Neither this Final Judgment nor the Agreement is an admission or concession by Arcis of the validity of any claims or of any liability or wrongdoing or of any violation of law.

SETTLEMENT ORDER & FINAL JUDGMENT - 3
4826-1297-9099v.3 0110754-000001

This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Arcis or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8.      This Court hereby dismisses with prejudice all claims of members of the Settlement Class that have been, or could have been, alleged in this action, including the claim that Arcis unlawfully introduced non-refundable memberships and materially limited the frequency with which members with refundable memberships could receive refunds without the required notice or membership approval, as well as any other claims arising from the 2013 revisions to the Membership and Operating Policies.

9.      Representative Plaintiffs, for themselves and as the representatives of the Class, and on behalf of each Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

10.     The Notice transmitted to Class Members fully and accurately informed Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The Notice was the best practicable under the circumstances. The Notice satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process, and with all other applicable law. The Notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this action, all material elements of the Settlement, and their opportunity to exclude themselves from, object

to, or comment on the Settlement and appear at the final fairness hearing. The Court has afforded a full opportunity to all Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Judgment and Final Order.

11.     The Settlement requires Arcis to pay a $240,000 Distribution Amount into a fund that the Parties propose to use to make Immediate Refunds to eight Class Members, and to pay Class Counsel's attorneys' fees and costs in the amount of $_____. The fund is non-reversionary.

12.     The Settlement also provides prospective relief. Arcis will make a minimum of four refunds per year for three years. Arcis will also pay a refund in the amount of 70% of the then-current price of a refundable membership each time it collects cash from membership fees (from the sale of both refundable and non-refundable memberships) equal to three times the refund amounts. And once the Club has 420 or more active golf members, Arcis will increase the frequency of refunds. Each time Arcis collects cash from membership fees (from the sale of both refundable and non-refundable memberships) equal to 1.5 times the refund amount, Arcis will pay a refund in the amount of 85% of the then-current price of a refundable membership. In all cases, Arcis will protect against any artificial reduction of the refund amount by agreeing to never sell refundable memberships at a price less than 150% of the then-current published price for nonrefundable membership.

13.     The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Class Members. The Parties dispute the validity of the claims in the action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Plaintiffs would still need to prevail on a motion for class certification and defeat a possible summary judgment motion before even getting to trial. There, they faced the challenge of convincing a jury that Arcis breached the membership and operating policies, and that Class Members suffered damages from the breach. They also would

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

have faced the challenge of surviving any appeals of the Court's class certification order and any other rulings rendered during trial. Class Counsel have reviewed the Settlement Agreement and find it to be in the best interest of Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of Settlement approval. In making this determination, the Court has considered the criteria set forth in the recently amended Federal Rule of Civil Procedure 23, and the factors outlined in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and *Churchill Village, L.L.C. v. General Electric*, 361 f.3d 566, 575-76 (9th Cir. 2004).

14.     Within ten (10) days after the filing of the proposed Agreement in this Court, Arcis served a notice of the proposed settlement upon the appropriate state official of each State in which a Class Member resides and upon the Attorney General of the United States. The Court finds that the notice provided by Arcis satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Arcis provided the required notice, as required by 28 U.S.C. § 1715(d).

15.     Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, the payment of the Distribution Amount, and attorneys' fees and costs contemplated by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this action and members of the Class for the purpose of enforcing and administering the Agreement.

16.     The Court approves payment of attorneys' fees and costs in the amount of $___ . This amount shall be taken out of the Distribution Amount that is paid by Arcis. The Court finds this amount to be appropriate and reasonable based on the following: (a) Class Counsel achieved a favorable result for the Class by obtaining Arcis's agreement to certain refunds and changes to the method for calculating and providing refunds to Class Members; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, litigation,

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and mediation; (c) Class Counsel prosecuted the Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Arcis's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiffs, who have reviewed the Agreement and been informed of Class Counsel's attorneys' fee and cost application and have approved; (f) the Notice informed Class Members of the amount and nature of Class Counsel's fee and cost request under the Agreement, Class Counsel filed and posted their Fee Application in time for Class members to make a meaningful decision whether to object to the Fee Application; and (g) the Court finds that the Settlement Agreement was negotiated at arms' length and without collusion. For these reasons, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees and costs in the total aggregate amount of $[59,000].

17.     The Court finds that no justifiable reason exists for delaying entry of this Settlement Order and Judgment, and expressly directs that this Settlement Order and Judgment be entered as final and appealable and the case dismissed with prejudice.

NOW, THEREFORE, the Clerk of the Court is HEREBY ORDERED to enter this Final Approval Order and Judgment.

IT IS SO ORDERED.

Dated this _____ day of _____, 2019.

_____
THE HONORABLE RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

Presented by:

2

TERRELL MARSHALL LAW GROUP PLLC
*Attorneys for Plaintiffs and the Class*

3

4

By:___s/ *Adrienne D. McEntee*_____
    Adrienne D. McEntee
    Beth E. Terrell
    Terrell Marshall Law Group PLLC
    936 N. 34th St., Ste. 300
    Seattle, WA 98103
    Telephone:  (202) 816-6603

5

6

7

8

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendants*

9

10

By:___s/ *Stephen M. Rummage*_____
    Stephen M. Rummage, WSBA #11168
    Rebecca J. Francis, WSBA #41169
    920 5th Ave, Suite 3300
    Seattle, Washington  98104
    Tel: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: steverummage@dwt.com
        rebeccafrancis@dwt.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SETTLEMENT ORDER & FINAL JUDGMENT - 8
4826-1297-9099v.3 0110754-000001

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com