U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

LAWRENCE HART, CLYDE STEPHEN LEWIS, JAMES PRESTI, and MICHAEL RALLS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CF ARCIS VII LLC d/b/a THE CLUB AT SNOQUALMIE RIDGE, d/b/a TPC AT SNOQUALMIE RIDGE, and d/b/a SNOQUALMIE RIDGE GOLF CLUB, CF ARCIS IV HOLDINGS, LLC, ARCIS EQUITY PARTNERS, LLC, BLAKE S. WALKER, individually and on behalf of the marital community of BLAKE S. WALKER and JANE DOE WALKER, and BRIGHTSTAR GOLF SNOQUALMIE, LLC,

Defendants.

NO. C17-1932 RSM

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, AND APPROVING FORM AND MANNER OF NOTICE**

Plaintiffs' unopposed Motion for Preliminary Approval of Proposed Class Action Settlement comes before this Court and shall be GRANTED. Dkt. #39. The Court determines and orders as follows:

A. Counsel have advised the Court that the parties have agreed, subject to approval of this Court following notice to the Class (as described in Paragraph 2, below) and a hearing, to settle this action on the terms and conditions set forth in the Settlement Agreement (the "Settlement Agreement"), which has been filed with the Court.

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT, CONDITIONALLY CERTIFYING
SETTLEMENT CLASS, AND APPROVING FORM AND
MANNER OF NOTICE - 1
CASE NO. 2:17-CV-01932-RSM

B. The Court has reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

C. The Court preliminarily approves the Settlement Agreement as being fair, reasonable, and adequate, and for purposes of settlement, certifies this case as a class action, and authorizes notice to be transmitted to the Settlement Class. A final fairness hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on Friday, February 7, 2020, in the courtroom of the Honorable Ricardo S. Martinez at the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, Washington 98101.

Based on the foregoing, IT IS HEREBY ORDERED:

1. *Preliminary Approval of Proposed Settlement*. The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that the Settlement Agreement resulted from extensive arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular, including a lengthy in-person mediation session and additional settlement negotiations under the auspices of James A. Smith Jr., of Smith & Hennessy PLLC, an experienced mediator.

2. *Class Certification for Settlement Purposes*. Pursuant to Rule 23(b)(3) and for the reasons stated in Plaintiffs' Motion for Preliminary Approval, the Court, for settlement purposes, conditionally certifies the following class (the "Class"):

> All persons who, prior to entry of this Order, purchased refundable Individual Golf Memberships with the Club, as that membership is defined in the June 30, 2008 Membership and Operating Policies, but who have not yet received a refund.

(a) The Class is sufficiently numerous to meet the requirements of Rule 23(a)(1). The Class includes in excess of 250 people, and joinder of all such persons would be impracticable. *See* Fed. R. Civ. P. 23(a)(1).

(b) The case presents common issues of law and fact for the Class. *See* Fed. R. Civ. P. 23(a)(2). The commonality requirement is satisfied because there are questions of law and fact common to the Class that center on whether Arcis breached a uniform membership and operating policy, whether the Class is entitled to damages and injunctive relief as a result. Further, the question of the fairness and reasonableness of the Settlement Agreement presents an issue common to the class.

(c) Rule 23(a)(3) is satisfied because the claims of the named Plaintiffs are typical of the claims of the other Class Members, which are being resolved through the Settlement Agreement.

(d) Rule 23(a)(4) is satisfied because Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Class, and because Plaintiffs are represented by qualified and competent counsel who have extensive experience and expertise in prosecuting class actions.

(e) In addition, the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance requirement is satisfied for purposes of settlement because the common and overarching question in this case is whether Arcis breached its contract with the Class, entitling Class Members to damages and injunctive relief. In addition, the resolution of hundreds of claims through the Settlement Agreement would be superior to individual lawsuits and promote consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3).

(f) The Court appoints named plaintiffs Clyde Stephen Lewis, James Presti, and Michael Ralls as Class Representatives.

3. *Class Counsel*. The Court appoints Terrell Marshall Law Group PLLC as Class Counsel.

4. *Settlement Hearing*. A final approval hearing (the "Settlement Hearing") shall be held before this Court on Friday, February 7, 2020, at 9:00 a.m., as set forth in the Notice, to determine whether the Settlement Agreement is fair, reasonable, and adequate, and should be approved. Papers in support of final approval of the Settlement Agreement and plaintiffs' counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 9 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Settlement Agreement (the "Final Judgment") that will adjudicate the rights of the Class Members with respect to the claims being settled.

5. *Notice*. Arcis shall comply with the notice requirements of Paragraph 3.03 of the Settlement Agreement. In compliance with that Paragraph, within thirty-five (35) days of entry of this Order, Arcis shall cause a Notice of Pendency of Class Action and Proposed Settlement ("Notice") to be emailed, if an email address is available, or mailed by U.S. mail to the Class Members at their most recent addresses appearing in the records of Arcis. The Notice shall be substantially in the form attached to Exhibit B to the Settlement Agreement and will include contact information for Class Counsel. Class Counsel shall also maintain a website for Class Members containing copies of the Notice and other information about the case.

6. *Sufficiency of Notice*. The Court finds that the Notice and the manner of its dissemination described in the previous Paragraph and in Paragraph 3.03 of the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated,

under all the circumstances, to apprise Class Members of the pendency of this action and their right to object to or exclude themselves from the Class. The Court further finds that the Notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process.

7. *Exclusion from Class*. Each Class Member who wishes to exclude himself or herself from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may mail a written request for exclusion, in the form specified in the Notice, to Class Counsel at the address set forth in the Notice. All such written requests must be postmarked within one hundred twenty-five (125) days of entry of this Order. All persons who properly make requests for exclusion from the Class shall not be Class Members and shall have no rights with respect to, nor be bound by, the Settlement Agreement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

8. *Objections*. Class Members who have not timely submitted a written request for exclusion and who wish to object to the Settlement must submit any objections in writing to the Clerk of the Court, with copies to Class Counsel and Arcis's counsel, as set forth here and in the Notice, so that objections or comments are received within one hundred twenty-five (125) days of entry of this Order.

(a) Objections or comments must include: the name and number of the case; the Class Member's name, address, and telephone number; a statement of the Class Member's position on the Settlement and the reasons for that position; and the signature of the Class Member. Any objection or comment must also include copies of any documents the Class Member wishes the Court to consider.

(b) If a Class Member wishes to appear and speak at the Settlement Hearing, the Class Member must submit objections or comments and must include a statement of the

Class Member's intent to appear and speak, and set forth the position to be presented at the hearing.

        (c)     If a Class Member wishes a lawyer to appear and speak at the hearing on the Class Member's behalf, the Class member must state in the written objections or comments that the Class Member intends to have a lawyer appear and speak for the Class Member, and list the name, address, and telephone number of the lawyer.

        (d)     Any responses to objections to the Settlement Agreement or the fee request, and any further papers in support of the fee request, shall be filed within one hundred thirty-nine (139) days of entry of this Order. Any objection that is not timely made under this Paragraph shall be forever barred.

    9.    *Dates of Performance*. In summary, the dates of performance are as follows:

        (a)     Arcis shall complete transmission of the Notice to potential Class Members, as provided in Paragraph 3.03 of the Settlement Agreement, within thirty-five (35) days of entry of this Order;

        (b)     Class Counsel shall file their papers in support of the Fee Application no later than sixty-five (65) of entry of this Order;

        (c)     Class Members who desire to be excluded shall mail requests for exclusion postmarked within one hundred twenty-five (125) days of entry of this Order;

        (d)     All objections to the Settlement Agreement or Fee Application shall be filed and served within one hundred twenty-five (125) days of entry of this Order;

        (e)     Plaintiffs' motion for final approval, and papers in response to objections or comments, if any, shall be filed within one hundred thirty-nine (139) days of entry of this Order; and

        (f)     The Settlement Hearing shall be held on February 7, 2020, at 9:00 a.m.

    10.    *Discretion of Counsel*. Counsel are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially

inconsistent with this Order or the Settlement Agreement, including without further approval of the Court, making minor changes to the content of the Notice that they jointly deem reasonable or necessary.

Dated this 9 day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE