THE HONORABLE RICARDO S. MARTINEZ

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

LAWRENCE HART, CLYDE STEPHEN LEWIS, JAMES PRESTI, and MICHAEL RALLS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CF ARCIS VII LLC d/b/a THE CLUB AT SNOQUALMIE RIDGE, d/b/a TPC AT SNOQUALMIE RIDGE, and d/b/a SNOQUALMIE RIDGE GOLF CLUB, CF ARCIS IV HOLDINGS, LLC, ARCIS EQUITY PARTNERS, LLC, BLAKE S. WALKER, individually and on behalf of the marital community of BLAKE S. WALKER and JANE DOE WALKER, and BRIGHTSTAR GOLF SNOQUALMIE, LLC,

Defendants.

NO. 2:17-CV-01932-RSM

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTION**

**Note on Motion Calendar:**
**Friday, February 7, 2020, at 9:00 a.m.**

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION
CASE NO. 2:17-CV-01932-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS.......................................................................................2

III. AUTHORITY AND ARGUMENT .........................................................................4

    A. Plaintiffs and Class Counsel have adequately represented the Settlement Class ...........................................................................................................5

    B. The Settlement is the result of arm's-length, non-collusive negotiations .............5

    C. The relief provided for the Settlement Class is adequate ......................................6

        1. The relief provided by the Settlement is adequate in light of the costs, risks, and delay of trial and appeal ............................................6

        2. Class Counsel's request for attorneys' fees is a fraction of the fees they incurred and will be paid only after final approval ...................8

    D. The Settlement treats Settlement Class Members equitably relative to each other..................................................................................................9

    E. The reaction of the Settlement Class was largely positive ...................................0

    F. The Court-ordered Notice Program is constitutionally sound............................10

    G. The Settlement Class should be finally certified................................................11

    H. Class Counsel's request for costs and fees should be approved.........................12

IV. CONCLUSION ......................................................................................................13

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - i
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Allen v. Bedolla*,
    787 F.3d 1218 (9th Cir. 2015) .................................................................................8, 12

*Amchem Prods. v. Windsor*,
    521 U.S. 5917 (1997) ...........................................................................................................10

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ...............................................................................................4

*Estate of Brown v. Consumer Law Assocs.*,
    No. 11-CV-0194, 2013 WL 2285368 (E.D. Wash. May 23, 2013) ....................................7

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir.1998) ....................................................................................1, 10, 12

*In re Bluetooth Headset Prod. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ...............................................................................................12

*In re Hyundai and Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) .................................................................................................6

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) .................................................................................................7

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) .................................................................................................6

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
    895 F.3d 597 (9th Cir. 2018) .................................................................................................5

*Johnson v. Metro-Goldwyn-Mayer Studios Inc.*,
    No. C17-541RSM, 2018 WL 5013764 (W.D. Wash. Oct. 16, 2018) ..............................7

*Knapp v. Art.com, Inc.*,
    283 F. Supp. 3d 823 (N.D. Cal. 2017) ..............................................................................7

*Lane v. Facebook, Inc.*,
    696 F.3d 811(9th Cir. 2012) ................................................................................................12

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - ii
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Ortiz v. Fiberboard Corp.*,
 527 U.S. 815 (1999) ...................................................................................................5

*Pelletz v. Weyerhaeuser Co.*,
 255 F.R.D. 537 (W.D. Wash. 2009) ............................................................................9

*Rinky Dink, Inc. v. World Bus. Lenders*,
 No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016) ........................7

*Roes, 1-2 v. SFBSC Mgmt., LLC*,
 --- F.3d ---, 2019 WL 6721190 (9th Cir. 2019) .........................................................12

*Rodriguez v. West Publ'g Corp.*,
 563 F.3d 948 (9th Cir. 2009) .......................................................................................8

**FEDERAL RULES**

Fed. R. Civ. P. 23(e)(1) ..........................................................................................................10

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment .................................5

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - iii
CASE NO. 2:17-CV-01932-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.  INTRODUCTION

Plaintiffs and Class Counsel[1] request that the Court find that the proposed class-wide settlement is fair, adequate and reasonable and grant final approval of the Settlement.

The Settlement is a good result for the Settlement Class. Arcis will pay a total of $240,000, $181,000 which will pay eight Immediate Refunds. Arcis will also provide valuable prospective relief for the Settlement Class regarding Future Refunds. In addition to paying Immediate Refunds, Arcis must make four Future Refunds per year for the next three years. Further, in perpetuity, Arcis must make Future Refunds based on fees from sales of both refundable and non-refundable memberships, which will permanently accelerate the rate of refunds. Moreover, Arcis shall never sell refundable memberships at a price that is less than 150 percent of the then-current published price for non-refundable memberships, eliminating Arcis's existing right to establish an artificially low price for refundable memberships. Finally, Arcis's membership sales must be transparent going forward. For seven years, Arcis will provide Settlement Class Members a semi-annual report describing the amount of new membership fees it has received and the number and amount of refunds issued in the previous year.

Plaintiffs and Class Counsel are proud of the Settlement they achieved for the Settlement Class, and believe it is fair, adequate and reasonable and merits final approval. Settlement Class Members overwhelmingly agree. Of 348 individuals,[2] just two opted out and just one objected to the Settlement. Declaration of Adrienne D. McEntee ("McEntee Decl.") ¶¶ 2-3. The sole objector generally argues that the Settlement could have been better if it were structured differently. However, this is not a valid basis upon which to deny approval. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir.1998) (the Court's inquiry "is not whether the

---

[1] Unless otherwise defined, capitalized terms have the same meaning as ascribed to them in the Settlement Agreement. ECF No. 40 at 17-53 ("Settlement Agreement").

[2] At preliminary approval, Arcis represented there were 334 Settlement Class Members. That number increased when Arcis compiled the class list for notice purposes, and in doing so identified additional members. Declaration of Rebecca Francis ¶ 2.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 1
CASE NO. 2:17-CV-01932-RSM

final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion").

Because the requirements of Fed. R. Civ. P. 23(e) and (h) are satisfied, Plaintiffs request that the Court grant final approval to the Settlement by: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; and (4) granting Class Counsel $59,000 in attorneys' fees and costs.

## II. STATEMENT OF FACTS

On September 9, 2019, the Court granted preliminary approval of the classwide Settlement negotiated by the parties. ECF No. 43 ("Preliminary Approval Order"). The Settlement requires Arcis to pay the non-reversionary amount of $240,000. Of this, $181,000 will be used to pay Immediate Refunds to eight Settlement Class Members who accept the refunds. Settlement Agreement § 2.01(a). The refunds will be made in the following amounts: (1) $24,375; (2) $23,875; (3) $23,375; (4) $22,875; (5) $22,375; (6) $21,875; (7) $21,375; and (8) $20,875. *Id.* at § 2.01(a). Class Counsel will offer the first refund to the Settlement Class Member at the top of the Refund List, and if that member declines, Class Counsel will offer the refund to the next Settlement Class Member on the list, and so on, until all eight refunds have been accepted. *Id.* at § 4.02.

The remaining $59,000, if approved, will reimburse Class Counsel for $9,102 in litigation costs and award Class Counsel $49,898 of the $171,302.50 in attorneys' fees they incurred. *See* ECF No. 45 (Declaration of Beth E. Terrell in Support of Plaintiffs' Motion for Attorneys' Fees and Costs) ¶ 21, 22, and 24.

In addition, the Settlement provides significant non-monetary relief designed to increase the rate that Future Refunds are paid. Going forward: (1) Arcis must make refunds based on "Net Membership Fees," which is all money received from the sale of both refundable and non-refundable memberships; (2) Arcis must issue no fewer than four refunds per year in 2020,

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 2
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2021, and 2022, regardless of how many memberships the Club sells in those years; (3) Arcis shall not sell refundable memberships at a price that is less than 150 percent of the then-current published price for non-refundable memberships, a requirement which prevents Arcis from artificially deflating the value of Settlement Class Members' refunds by lowering the price of refundable memberships; and (4) for seven years, Arcis shall provide Settlement Class Members a semi-annual report describing the amount of new membership fees it has received and the number and amount of refunds issued in the previous year. Settlement Agreement § 5. This injunctive relief benefits all Settlement Class Members regardless of whether they are entitled to cash payments under the Settlement.

The Preliminary Approval Order directed that Arcis email notice to Settlement Class Members for whom an email notice was available. For those for whom Arcis did not have an email address, Arcis was directed to mail notice by U.S. Mail. Preliminary Approval Order ¶ 5. Arcis completed the notice program as directed in the Preliminary Approval Order. Declaration of Jennifer M. Keough ("Keough Decl.") ¶¶ 3-10. Arcis paid for the cost of notice separately. None of the $240,000 Arcis agreed to pay will go to notice or administration costs.

In addition, Class Counsel established and maintained a publicly available website containing documents relevant to the Settlement. McEntee Decl. ¶ 4. Class Counsel also provided a toll-free telephone number to answer questions from Class Members. McEntee Decl. ¶ 6. Class Counsel filed their Motion for Attorneys' Fees and Costs on November 13, 2019. ECF No. 44. The motion and supporting declarations were posted to the Settlement website the same day. McEntee Decl. ¶ 5.

Settlement Class Members had 90 days from the date of notice to exclude themselves from the settlement or submit objections. The deadline to opt out or object was January 13, 2020. Preliminary Approval Order ¶ 9. Just one Settlement Class Member objected, and only two excluded themselves from the settlement. McEntee Decl. ¶¶ 2–3.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 3
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### III. AUTHORITY AND ARGUMENT

Under Rule 23(e)(2), the Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether:

    (A)    the class representatives and class counsel have adequately represented the class;
    (B)    the proposal was negotiated at arm's length;
    (C)    the relief provided for the class is adequate, taking into account:
        (i)    the costs, risks, and delay of trial and appeal;
        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv)    any agreement required to be identified under Rule 23(e)(3); and
    (D)    the proposal treats class members equitably relative to each other.

The amendment to Rule 23 adopting these factors took effect on December 1, 2018, so there is no binding authority addressing them yet. But the factors are largely consistent with those previously identified by the Ninth Circuit as guides to determining whether a proposed settlement is fair, adequate, and reasonable. The factors previously discussed by the Ninth Circuit are: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004). The Ninth Circuit has characterized these factors as "guideposts" and explained that "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 4
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

*Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

A.   **Plaintiffs and Class Counsel have adequately represented the Settlement Class.**

Plaintiffs have no conflicts of interest with the other Settlement Class Members and have demonstrated their commitment to the Settlement Class by actively participating in the litigation. McEntee Decl. ¶ 7. The Plaintiffs regularly participated in telephonic meetings to discuss the lawsuit and possible resolution. *Id*. And each attended the all-day mediation with James Smith. *Id*.

B.   **The Settlement is the result of arm's-length, non-collusive negotiations.**

The parties negotiated the Settlement at arm's length over two months. "[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining." *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999). The negotiations were conducted with the assistance of James Smith, an experienced mediator, and included a full-day mediation. Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests").

Class Counsel negotiated the settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case. ECF No. 40 ¶¶ 16-26; Class Counsel have extensive experience representing plaintiffs in class action litigation, including disputes involving consumer protection. *Id*. They believe the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. *Id*. ¶ 26.

The Ninth Circuit has identified "red flags" that may suggest that plaintiffs' counsel allowed pursuit of their own self-interest to infect settlement negotiations, including when counsel receive a disproportionate portion of the settlement, the parties agree to a "clear

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 5
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019). None are present here. None of the monetary fund will revert to Arcis, and any requested fees or costs not approved by the Court will be distributed to Settlement Class Members. ECF No. 40 ¶¶ 13, 32.

### C. The relief provided for the Settlement Class is adequate.

In determining whether the relief provided to the Class is adequate, courts must balance the strength of the plaintiff's case against the risk, expense, complexity, and likely duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). The relief provided here—Arcis's agreement to pay $240,000 to settle this case and pay Immediate Refunds, and its promise to take specific actions to increase the rate by which Settlement Class Members on the Refund List will receive Future Refunds—is more than adequate given the risks and delay of continued litigation.

  1. <u>The relief provided by the Settlement is adequate in light of the costs, risks, and delay of trial and appeal.</u>

The parties litigated this action for nearly two years and have sufficient information to make an informed decision with respect to the Settlement. The parties are confident they have obtained all information necessary to arrive at a fair, adequate, and reasonable settlement. Arcis provided Class Counsel with a list of members who resigned, including information regarding the dates they joined and resigned, the amount paid for their memberships, and the anticipated refund amounts for each person on the list. ECF No. 40 ¶ 2. Arcis also provided Class Counsel with documents showing the prices of non-refundable memberships and information regarding refunds the Club had issued. *Id* at ¶ 3; *see also* ECF No. 42 ¶ 2. Finally, Arcis provided declarations under penalty of perjury describing how it calculated Settlement Class Members' total potential recovery. ECF No. 40 ¶¶ 6, 7; Settlement Agreement § 7.01. Class Counsel had

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 6
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

sufficient information to adequately inform the settlement terms and believe that further discovery would not likely yield information necessary to obtain a better result for Settlement Class Members. *See Johnson v. Metro-Goldwyn-Mayer Studios Inc.*, No. C17-541RSM, 2018 WL 5013764, at *3 (W.D. Wash. Oct. 16, 2018) (where "little would seem to be gained through discovery or additional litigation as the class was unlikely to receive far superior relief," this factor does not weigh heavily against approval); *see also Rinky Dink, Inc. v. World Bus. Lenders*, No. C14-0268-JCC, 2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016) ("the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement").

The immediate monetary benefits of the Settlement alone, which are approximately 65% of the total actual damages Class Counsel estimated, exceed consumer class action settlements approved by other courts. *See Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833 (N.D. Cal. 2017) (approving settlement of consumer class action that provided 42% of the average total potential recovery and injunctive relief); *Cavnar v. BounceBack, Inc.*, No. 2:45-CV-235-RMP, ECF No. 154 (E.D. Wash. Sept. 15, 2015) (approving settlement providing 15.6% of alleged unlawful collection fees paid by class members alleging FDCPA and Consumer Protection Act violations); *Estate of Brown v. Consumer Law Assocs.*, No. 11-CV-0194, 2013 WL 2285368, at *3 (E.D. Wash. May 23, 2013) (approving settlement of class claims under Consumer Protection Act paying class members and estimated 30% of funds collected for challenged debt adjusting practices); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming the district court's approval of a settlement estimated to be worth between 1/6 and 1/2 of class members' estimated loss). This result is without considering the benefits Settlement Class Members will receive from the Settlement's prospective relief.

Plaintiffs have been confident in the strength of their case, but also pragmatic about the risks inherent in litigation and various defenses available to Arcis. In Plaintiffs' view, liability was relatively clear based on Arcis's failure to seek and obtain the member approval before it

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 7
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

introduced non-refundable memberships. But success was not guaranteed. Arcis has consistently denied liability for the Class' claims. Plaintiffs still had several hurdles to clear before resolution through further litigation, including formal discovery and class certification. Plaintiffs also recognize that class certification is never certain. Arcis would have opposed Plaintiffs' motion. And had Plaintiffs prevailed, Arcis would likely have moved to decertify or appeal after trial. Additional hurdles would have included dispositive motions, trial, and any appeal that followed. Plaintiffs therefore faced the ongoing risk that individual Settlement Class Members would have to file their own lawsuits or that any relief to class members would be substantially delayed by appeals.

Litigating this case to trial and through any appeals would be expensive and time-consuming and would present risk to both parties. The Settlement, by contrast, provides prompt and certain relief for Settlement Class Members. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

   2.  <u>Class Counsel's request for attorneys' fees is a fraction of the fees they incurred and will be paid only after final approval.</u>

Under Rule 23(e)(2)(C)(iii) the Court should consider "the terms of any proposed award of attorney's fees, including timing of payment." The Settlement Agreement provides that attorneys' fees and costs shall be paid from the Settlement Fund in an amount approved by the Court. Settlement Agreement § IV.2. Class Counsel seek an award that represents less than thirty percent of their total lodestar. *See* ECF No. 44. In addition, fees will be paid only after the Settlement is finally approved by the Court, the time for any appeal has elapsed, or any appeal has been resolved, and the Settlement has taken effect. And the Settlement Agreement contains no "clear sailing" provision. *See Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (a clear sailing provision is "an arrangement where defendant will not object to a certain fee request by class counsel."). Through free to do so, neither Arcis nor any Settlement Class Member objected to the award sought by Class Counsel.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 8
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**D.     The Settlement treats Settlement Class Members equitably relative to each other.**

Under Rule 23(e)(2)(D), the Court must consider whether the Settlement Agreement treats Class Members equitably relative to each other. The negotiated relief provides for refunds at a faster pace than Settlement Class Members could otherwise obtain without reducing the amount of money Settlement Class Members are able to recover. Each Settlement Class Member will become eligible for a refund in the same order in which he or she resigned; that some Settlement Class Members will receive refunds before others is therefore not a sign of inequity. The parties worked hard to create an effective, adequate method of distributing relief that will award Immediate Refunds to eight Settlement Class Members and enable other Settlement Class Members to receive refunds more quickly than they would have otherwise.

**E.     The reaction of the Settlement Class was largely positive.**

"The positive response to the Settlement by the Class—evidenced by a very small percentage of opt-outs and objections—further supports final approval." *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Of the 334 Settlement Class Members, only two opted out and only one objected.

Objector, Robert Feldmann, argues that the deal should have been structured differently to provide immediate but *de minimis* monetary relief to all Settlement Class Members on the Refund List, a deal that would afford those (such as Mr. Feldmann) who joined the Refund List only recently the same amount of money as those who have waited patiently for their refunds for over a decade. ECF No. 47. Class Counsel appreciate the important role that objectors can play in the class settlement approval process. However, the proffered structure would be unfair to the bulk of Settlement Class Members who have been on the List for a long period of time, unlike Mr. Feldmann, who joined the Refund List in 2017. Mr. Feldmann's proposed alternative is not reasonable or equitable to other Settlement Class Members. As the Ninth Circuit has explained:

> Of course it is possible . . . that [a] settlement could have been better. But this possibility does not mean [a] settlement presented [is] not fair, reasonable or

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 9
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

adequate. Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion. In this regard, the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness.

*Hanlon*, 150 F.3d 1011, 1027 (9th Cir. 1998).

Mr. Feldmann also objects that the formula Arcis must use going forward has already been used by Arcis for several years, and has yielded only a handful of refunds. But the formula requires Arcis to pay refunds from fees from the sale of both refundable and non-refundable memberships, which is a vast improvement over the manner by which Arcis previously made refunds. Before, refunds were triggered only by the sale of refundable memberships. Moreover, Arcis no longer has the discretion to change the formula or eliminate it altogether in favor of its previous practice. The formula binds both Arcis and any successors. The end result is a Settlement that provides substantial immediate benefits to those who have been on the Refund List for a decade or more, and future benefits according to a mandatory formula which will accelerate the ability of those on the Refund List to receive future refunds.

**F.     The Court-ordered Notice Program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B). To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997).

The Preliminary Approval Order directed Arcis to send Notice to Settlement Class Members by email, where available, and by U.S. mail if email was not available. Preliminary Approval Order ¶ 5. Within ten days of the Order, Arcis notified the appropriate state and federal officials of the proposed settlement in accordance with 28 U.S.C. § 1715. *See* Francis

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 10
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Decl. ¶ 3. Arcis also retained third-party Administrator, JND Legal Administration ("JND") to send Notice. On October 11, 2019, JND sent Notice by email to 334 Settlement Class Members, and by first-class regular U.S. mail to 13 individuals who did not have email addresses. Keough Decl. ¶ 5. Arcis was unable to find contact information for just one Settlement Class Member. *Id.* ¶ 4. On October 18, 2019, JND sent a second round of email Notice to Settlement Class Members who had not already opened the Notice. *Id.* ¶ 7. JND sent the second round of email notice from a second domain to increase deliverability. *Id.* As of January 10, 2020, 316 of the Notices sent to Class Members were not returned as undeliverable, resulting in a reach of 90.8%. *Id.* ¶ 8. The reach is well within the range the Federal Judicial Center considers effective. *See* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

The Notice directed Settlement Class Members to a publicly available website that Class Counsel established and maintained. The website included information about the Settlement, including the Notice, a copy of the Settlement Agreement, the operative Complaint, documents related to Arcis's Motion to Dismiss, and the Order Granting in Part and Denying in Part Arcis's motion, and Plaintiffs' Motion for Award of Fees and Costs. McEntee Decl. ¶ 4. The Notice also included a toll-free telephone number which Settlement Class Members could use to contact Class Counsel with questions about the Settlement, including their position (if any) on the Refund List. *Id.* ¶ 6. Settlement Class Members could also contact Arcis directly to learn their position on the Refund List. *See* Keough Decl., Exhs. A and B. Class Counsel responded to calls and emails from a half of dozen Settlement Class Members. McEntee Decl. ¶ 6.

**G.    The Settlement Class should be finally certified.**

In its Preliminary Approval Order, the Court certified the proposed Settlement Class consists of hundreds of Washington consumers who purchased refundable golf memberships from Arcis, but who have not yet received a refund. Preliminary Approval Order ¶ 2.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 11
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

Courts must apply "heightened scrutiny" when assessing the adequacy of a pre-certification settlement, as is the case here. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, --- F.3d ---, 2019 WL 6721190, at *9-10 (9th Cir. 2019). Specifically, "such [settlement] agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). The elevated scrutiny is warranted "to ensure that class representatives and their counsel do not secure a disproportionate benefit 'at the expense of the unnamed plaintiffs who class counsel had a duty to represent.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1027).

Examples of "subtle signs" of collusion the Ninth Circuit requires district courts to look for include: (1) "when counsel receive a disproportionate distribution of the settlement;" (2) "when the parties negotiate a 'clear sailing' arrangement" (i.e., an arrangement where defendant will not object to a certain fee request by class counsel); and (3) when the parties create a reverter that returns unclaimed [funds] to the defendant. *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (quoting *In re Bluetooth*, 654 F.3d at 947). None of these subtle signs of implicit collusion exist here. There is no clear sailing agreement. The amount of fees requested is not disproportionate. The Plaintiffs will not receive any incentive payments. And there is no reversionary clause that would return unclaimed funds to Arcis.

For all the reasons set forth in the Preliminary Approval Order, ECF No. 43 ¶ 2, and Plaintiffs' Motion for Preliminary Approval, ECF No. 39 at 19-21, the Court should finally certify the Settlement Class.

### H. Class Counsel's request for costs and fees should be approved.

Not one Class Member objected to Class Counsel's request for reimbursement of litigation costs or for an award of reasonable attorneys' fees, which represents only a portion of the fees Class Counsel incurred. For all the reasons set forth in Plaintiffs' Motion for

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 12
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

Attorneys' Fees and Costs, ECF No. 44, Class Counsel respectfully request that the Court award Class Counsel $59,000 in litigation costs and attorneys' fees.

## IV.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the settlement Class; and (4) granting Class Counsel an attorneys' fees and costs award of $59,000.

RESPECTFULLY SUBMITTED AND DATED this 27th day of January, 2020.

> TERRELL MARSHALL LAW GROUP PLLC
>
> By:  /s/ Adrienne D. McEntee, WSBA #34061
> Beth E. Terrell, WSBA #26759
> Email:  bterrell@terrellmarshall.com
> Adrienne D. McEntee, WSBA #34061
> Email: amcentee@terrellmarshall.com
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103
> Telephone: (206) 816-6603
> Facsimile: (206) 319-5450
>
> *Attorneys for Plaintiffs and the Proposed Class*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 13
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

<u>CERTIFICATE OF SERVICE</u>

I, Adrienne D. McEntee, hereby certify that on January 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Stephen M. Rummage, WSBA #11168
>Email: steverummage@dwt.com
>Rebecca J. Francis, WSBA #41196
>Email: rebeccafrancis@dwt.com
>DAVIS WRIGHT TREMAINE LLP
>920 Fifth Avenue, Suite 3300
>Seattle Washington 98104-1610
>Telephone: (206) 622-3150
>Facsimile: (206) 757-7700

*Attorneys for Arcis Defendants*

DATED this 27th day of January, 2020.

>TERRELL MARSHALL LAW GROUP PLLC
>
>By:  /s/ Adrienne D. McEntee, WSBA #34061
>      Adrienne D. McEntee, WSBA #34061
>      Email: amcentee@terrellmarshall.com
>      936 North 34th Street, Suite 300
>      Seattle, Washington 98103
>      Telephone: (206) 816-6603
>      Facsimile: (206) 319-5450

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RESPONSE TO
OBJECTION - 14
CASE NO. 2:17-CV-01932-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com