U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAWRENCE HART, CLYDE STEPHEN LEWIS, JAMES PRESTI, and MICHAEL RALLS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CF ARCIS VII LLC d/b/a THE CLUB AT SNOQUALMIE RIDGE, d/b/a TPC AT SNOQUALMIE RIDGE, and d/b/a SNOQUALMIE RIDGE GOLF CLUB, CF ARCIS IV HOLDINGS, LLC, ARCIS EQUITY PARTNERS, LLC, BLAKE S. WALKER, individually and on behalf of the marital community of BLAKE S. WALKER and JANE DOE WALKER, and BRIGHTSTAR GOLF SNOQUALMIE, LLC,<br><br>Defendants. | NO. 2:17-CV-01932-RSM<br><br>**SETTLEMENT ORDER AND FINAL JUDGMENT** |

THIS MATTER came before the Court on Plaintiffs' motion for final approval of class action settlement and Class Counsel's motion for an award of fees and costs. The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court approves the proposed Settlement as fair, reasonable, and adequate. The Court hereby enters this Final

SETTLEMENT ORDER AND FINAL JUDGMENT - 1
CASE NO. 2:17-CV-01932-RSM
4820-6794-4116v.1 0110754-000001

Judgment, which constitutes a final adjudication on the merits of all claims of the Settlement Class. It is **HEREBY ORDERED** that the motions are **GRANTED**, the Settlement Class is certified, the Settlement Agreement is finally approved, and Class Counsel are awarded $59,000 in fees and costs.

A. On September 9, 2019, this Court granted preliminary approval of the proposed class action settlement between Plaintiffs and Defendants CF Arcis VII LLC dba The Club at Snoqualmie Ridge, CF Arcis IV Holdings, LLC, and Arcis Equity Partners, LLC (collectively, "Arcis"). *See* Dkt. 43. The Settlement resolves all of the Settlement Class's claims against Arcis in exchange for Arcis's agreement to provide an agreed number of immediate refunds upon approval, to provide a minimum number of refunds for three years following January 1, 2020, and to provide future refunds as set forth in the Agreement.

B. Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order (a) finally approving the Agreement, which will dismiss this Action with prejudice, and (b) granting Class Counsel's request for an award of fees and costs.

C. The Court has reviewed and considered all papers filed in support of and in opposition to the Settlement, and all exhibits thereto. On February 7, 2020, the Court also held a hearing, after notice to the Settlement Class was sent, at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement ("Settlement Hearing"). The Court has engaged in these actions in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in this Action pursuant to the terms and conditions set forth in the Agreement.

D. Upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the Parties, and the result of extensive arm's-length negotiations.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

SETTLEMENT ORDER AND FINAL JUDGMENT - 2
CASE NO. 2:17-CV-01932-RSM
4820-6794-4116v.1 0110754-000001

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Order as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Plaintiffs and all members of the Settlement Class.

3. The Court approves the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, within the authority of the parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. This Court confirms that the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P.23, as preliminarily found in the Court's Order Granting Preliminary Approval of Class Settlement, Conditionally Certifying Settlement Class, and Approving Form and Manner of Notice ("Preliminary Approval Order"). Accordingly, this Court makes final the portion of its Preliminary Approval Order finding the requirements of Fed. R. Civ. P. 23 to be satisfied for settlement purposes.

5. Two members of the Settlement Class—John Yae, and Ray and Shannon Coleman—have timely requested to be excluded from the Settlement Class and the Settlement. Accordingly, this Order shall not bind or affect these Settlement Class Members.

6. There was one timely objection to the Settlement by Robert C. Feldmann, which after due consideration of all points made, the Court has overruled. Mr. Feldmann's objection specifically indicated that "[i]f this settlement goes forward in this form, I have no choice but to request that I be excluded from the class." Dkt. #47 at 2. The Court interprets this as a timely request to be excluded from the Settlement Class and Settlement and, accordingly, this Order shall not bind or affect Robert C. Feldmann.

7. Neither this Final Judgment nor the Agreement is an admission or concession by Arcis of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as

SETTLEMENT ORDER AND FINAL JUDGMENT - 3
CASE NO. 2:17-CV-01932-RSM
4820-6794-4116v.1 0110754-000001

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

an admission or indication of any wrongdoing, fault, or omission by Arcis or any other person in connection with any transaction, event, or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8. This Court hereby dismisses with prejudice all claims of members of the Settlement Class that have been, or could have been, alleged in this action, including the claim that Arcis unlawfully introduced non-refundable memberships and materially limited the frequency with which members with refundable memberships could receive refunds without the required notice or membership approval, as well as any other claims arising from the 2013 revisions to the June 30, 2008 Membership and Operating Policies.

9. Representative Plaintiffs, for themselves and as the representatives of the Settlement Class, and on behalf of each Class Member who has not timely opted out, and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

10. The Notice transmitted to Settlement Class Members fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The Notice was the best practicable under the circumstances. The Notice satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process, and with all other applicable law. The Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this action, all material elements of the Settlement, and their

SETTLEMENT ORDER AND FINAL JUDGMENT - 4
CASE NO. 2:17-CV-01932-RSM
4820-6794-4116v.1 0110754-000001

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the final fairness hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Settlement Class, are bound by this Judgment and Final Order.

11. The Settlement requires Arcis to pay a $240,000 Distribution Amount into a non-reversionary fund. From this amount, the Parties will make Immediate Refunds to eight Settlement Class Members totaling $181,000.

12. The Settlement also provides prospective relief. Arcis will make a minimum of four refunds per year for three years. Arcis will also pay a refund in the amount of 70% of the then-current price of a refundable membership each time it collects cash from membership fees (from the sale of both refundable and non-refundable memberships) equal to three times the refund amounts. And once the Club has 420 or more active golf members, Arcis will increase the frequency of refunds. Each time Arcis collects cash from membership fees (from the sale of both refundable and non-refundable memberships) equal to 1.5 times the refund amount, Arcis will pay a refund in the amount of 85% of the then-current price of a refundable membership. In all cases, Arcis will protect against any artificial reduction of the refund amount by agreeing to never sell refundable memberships at a price less than 150% of the then-current published price for nonrefundable memberships. Finally, for seven years, Arcis shall prepare and furnish to Settlement Class Members, on a semi-annual basis, statements detailing the Net Membership Fees Arcis has received, and the number and amount of refunds made in the previous year. Arcis shall send the statements by email, if available, or by U.S. mail to all Settlement Class Members who have not yet received a refund.

13. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate, and in the best interest of the Settlement Class Members. The Parties dispute the validity of the claims in the action, and their dispute underscores not only the

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

uncertainty of the outcome, but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Plaintiffs would still have needed to prevail on a motion for class certification and to defeat a possible summary judgment motion before even getting to trial. There, they faced the challenge of convincing a jury that Arcis breached the membership and operating policies, and that Settlement Class Members suffered damages from the breach. They also would have faced the challenge of surviving any appeals of the Court's class certification order and any other rulings rendered during trial. Class Counsel have reviewed the Settlement Agreement and find it to be in the best interest of Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of Settlement approval. In making this determination, the Court has considered the criteria set forth in the recently amended Federal Rule of Civil Procedure 23, and the factors outlined in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and *Churchill Village, L.L.C. v. General Electric*, 361 f.3d 566, 575-76 (9th Cir. 2004).

14. Within ten (10) days after the filing of the proposed Agreement in this Court, Arcis served a notice of the proposed settlement upon the appropriate state official of each State in which a Settlement Class Member resides, and upon the Attorney General of the United States. The Court finds that the notice provided by Arcis satisfied the requirements of 28 U.S.C. § 1715(b), and that more than ninety (90) days have elapsed since Arcis provided the required notice, as required by 28 U.S.C. § 1715(d).

15. Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, the payment of the Distribution Amount, and attorneys' fees and costs contemplated by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed; and (b) all parties to this action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

SETTLEMENT ORDER AND FINAL JUDGMENT - 6
CASE NO. 2:17-CV-01932-RSM
4820-6794-4116v.1 0110754-000001

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

16. The Court approves payment of attorneys' fees and costs in the amount of $59,000. This amount shall be taken out of the Distribution Amount that is paid by Arcis. The Court finds this amount to be appropriate and reasonable based on the following: (a) Class Counsel achieved a favorable result for the Settlement Class by obtaining Arcis's agreement to certain refunds and changes to the method for calculating and providing refunds to Settlement Class Members; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, litigation, and mediation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Arcis's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have a contingent fee agreement with Plaintiffs, who have reviewed the Agreement and been informed of Class Counsel's attorneys' fee and cost application and have approved; (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Agreement, Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application; and (g) the Court finds that the Settlement Agreement was negotiated at arms' length and without collusion. For these reasons, the Court hereby approves Class Counsel's Fee and Cost Application.

17. The Court finds that no justifiable reason exists for delaying entry of this Settlement Order and Judgment, and expressly directs that this Settlement Order and Judgment be entered as final and appealable and the case dismissed with prejudice.

//

//

//

SETTLEMENT ORDER AND FINAL JUDGMENT - 7
CASE NO. 2:17-CV-01932-RSM
4820-6794-4116v.1 0110754-000001

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The Clerk of the Court shall enter this Final Approval Order and Judgment.

Dated this 7th day of February 2020.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

SETTLEMENT ORDER AND FINAL JUDGMENT - 8
CASE NO. 2:17-CV-01932-RSM
4820-6794-4116v.1 0110754-000001

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com